NEW YORK & O. S. S. CO., Limited, v. UNITED STATES.

(District Court, S. D. New York. December 6, 1912.)

1. COURTS (§ 426*)—CONCURRENT JURISDICTION—TUCKER ACT.
Rev. St. § 1068 (U. S. Comp. St. 1901, p. 740), provides that aliens who are citizens or subjects of any government which accords to the citizens of the United States the right to prosecute claims against such government in its courts shall have the privilege of prosecuting claims against the United States in the Court of Claims wherever such court by reason of the subject-matter might take jurisdiction. Tucker Act (Act March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]) authorizes suits against the United States, and section 2 provides that the Circuit Courts of the United States shall have concurrent jurisdiction with the Court of Claims in all cases where the amount exceeds $1,000 and does not exceed $10,000. Held that, where an alien was entitled to sue the United States in the Court of Claims under section 1068, a federal Circuit Court had, and the District Court now has, concurrent jurisdiction of the subject-matter.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1131; Dec. Dig. § 426.*]

2. COURTS (§ 276*)—DISTRICT IN WHICH SUIT MUST BE BROUGHT—WAIVER.
Tucker Act (Act March 3, 1887, c. 359, § 5, 24 Stat. 506 [U. S. Comp. St. 1901, p. 754]), authorizing suits against the United States, in so far as it requires that the same be brought in the federal district where the plaintiff resides, is for the plaintiff's benefit, having nothing to do with the court's jurisdiction; and hence an objection that the petition was not filed in the proper district might be and was waived by the general appearance of the Attorney General and his appearing at the examination of witnesses without raising such objection.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

Petition by the New York & Oriental Steamship Company, Limited, against the United States. Demurrer to petition overruled.

John M. Woolsey and Convers & Kirlin, all of New York City, for petitioner.

H. A. Wise, U. S. Atty., and A. S. Pratt, Asst. U. S. Atty., both of New York City.

COXE, Circuit Judge. This action was commenced in November, 1906, by the petitioner, a corporation organized under the laws of the United Kingdom of Great Britain and Ireland, to recover the sum of $1,199.42, the unpaid balance due the Steamship Company for transporting merchandise from New York to Manila in October, 1902. On December 28, 1906, Henry L. Stimson, United States Attorney, filed a general appearance. Previous to this the defendant's time to answer or demur had been extended by stipulation.

On January 24, 1907, a demurrer was filed on the grounds, first, that the petition does not state facts sufficient to constitute a cause of action and, second, that the court has no jurisdiction of the subject of the action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On February 15, 1907, the testimony of the master of the steamship which carried the goods to Manila was taken. The defendant was represented by two assistants of the United States Attorney and no objection was entered upon the record to the taking of the testimony.

These facts are taken from the briefs and the pleadings, no other papers having been submitted. If this demurrer be sustained, the petitioner will be remediless, as his cause of action will be barred by the statute of limitations.

The suit is brought under the so-called "Tucker Act" entitled "An act to provide for bringing suits against the government of the United States." Act March 3, 1887, c. 359, 24 Stat. 505 (U. S. Comp. St. 1901, p. 752).

[1] The act, so far as it is applicable to the present controversy, provides that the Court of Claims shall have jurisdiction to hear and determine all claims upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or unliquidated, in respect of which claims the party would be entitled to redress against the United States, either in a court of law, equity or admiralty, if the United States were suable.

Section 2 provides that the Circuit Courts of the United States shall have concurrent jurisdiction with the Court of Claims in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars. Section 5 of the act is as follows:

"Sec. 5. That the plaintiff in any suit brought under the provisions of the second section of this act shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law."

It seems to me that the evident purpose and intent of this law was to give to persons having claims against the United States for comparatively small amounts the right to bring suits in the courts of the United States in districts where they and their witnesses reside, without subjecting them to the expense and annoyance of litigating in a court located at Washington.

The District Attorney concedes that the Court of Claims has jurisdiction of the present controversy. In his brief he says:

"The petitioner is not without a forum in which it may sue, for it has the right to bring suit in the Court of Claims. Section 1068 of the Revised Statutes [U. S. Comp. St. 1901, p. 740] provides:

" 'Aliens, who are citizens or subjects of any government which accords to the citizens of the United States the right to prosecute claims against such government in its courts, shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject-matter and character, might take jurisdiction.'

"In two cases the Supreme Court has held that under this section citizens of Great Britain could sue the United States in the Court of Claims. See U. S. v. O'Keefe, 11 Wall. 178 [20 L. Ed. 131]; Carlisle v. U. S., 16 Wall. 147 [21 L. Ed. 426]."

If, then, the Court of Claims has jurisdiction of this controversy, notwithstanding the fact that the petitioner is a foreign corporation, it would seem clear that the provision of the "Tucker Act" giving to the Circuit Court "concurrent jurisdiction with the Court of Claims" leaves little room to doubt that the Circuit Court had, and the District Court now has, jurisdiction of the action. It was not the purpose of Congress to exclude aliens who have valid claims against the government.

[2] The provision of the act that the petition be filed in the district of the residence of the plaintiff would seem to be intended for his benefit, but in any event his failure to file it there does not go to the jurisdiction of the court and may be waived by the District Attorney. There is no statutory reason why the Circuit Court at the time the action was commenced could not have tried and determined the controversy if the United States consented that it should do so. That it did consent I have no doubt. If filing a general appearance and appearing at the examination of witnesses without objection did not amount to a waiver of the contention that the petitioner had selected the wrong district, it is difficult to conceive of any act of the United States Attorney that would have that effect.

The contention that the petitioner must be a resident of the district where the suit is commenced and that this condition cannot be waived by the government necessarily excludes corporations organized in foreign countries from the provisions of the "Tucker Act," even though engaged in business in this country. I cannot believe that this was the intention of Congress. Such a construction is in direct conflict with section 1068 of the Revised Statutes quoted above and is contrary to the rule of comity which should govern the relations between friendly powers.

I think it is clear that the "Tucker Act" is applicable to this controversy and that the provisions as to the district do not go to the jurisdiction of the court, but is a privilege of exemption which the government could waive and did waive when it consented to the taking of testimony and entered a general appearance. These conclusions are in harmony with the following authorities: In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991; Murray v. United States (C. C.) 52 Fed. 172.

The demurrer is overruled, respondent to answer within 20 days.