### MOXIE CO. v. DAOUST.

(Circuit Court of Appeals, First Circuit. July 11, 1913.)

No. 1,006.

1. TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNLAWFUL COMPETITION—MOXIE.
　　Complainant widely advertised and sold a beverage called "Moxie" in bottles of a distinctive size and shape. Defendant put out a competing beverage of a similar color, called "Bo-La," in a similar bottle; the resemblance of the bottles being so close that defendant's beverage would appear to the casual inspection of a customer to be a "Moxie" bottle, and the similarity being such as to facilitate its substitution for "Moxie" without detection by the customer. There was evidence that many retail dealers, when asked for "Moxie," had served "Bo-La" from "Bo-La" bottles, though defendant's bottles were differently stamped and labeled; the difference, however, being insufficient to destroy the general similarity of appearance. *Held*, that defendant's use of bottles in such close similarity to complainant's bottles assisted in the fraudulent use by unscrupulous dealers and constituted unlawful competition, which complainant was entitled to restrain.

　　[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 84*)—SIMILAR PACKAGES—DEFENSES.
　　Where defendant produced and sold a beverage of the same character and kind as complainant's beverage, and adopted a bottle of novel and

distinctive shape, resembling complainant's bottles, so that defendant's beverage could be and was sold by unscrupulous dealers when complainant's was called for, it was no defense to a suit for unlawful competition that defendant, after adopting a similar bottle, had done all in his power to destroy the similarity, which he was unsuccessful in doing, since he had no right to do that which rendered the distinctions necessary, and which also rendered them futile.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 93, 97; Dec. Dig. § 84.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Miller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the District of New Hamphire; Edgar Aldrich, Judge.

Suit by the Moxie Company against Daniel Daoust. From a judgment for defendant (197 Fed. 678), complainant appeals. Reversed and remanded, with directions.

Oliver Mitchell, of Boston, Mass., for appellant.

P. H. Sullivan and Branch & Branch, all of Manchester, N. H., for appellee.

Before DODGE, Circuit Judge, and BROWN and HALE, District Judges.

BROWN, District Judge. The Moxie Company makes and sells a beverage well known as "Moxie." Daoust is a manufacturer of beverages, at Manchester, N. H., and makes a beverage quite similar in color and taste, which he calls "Bo-La." This is put up in bottles which, in size and shape, closely resemble the Moxie bottle, which is of a distinctive shape for many years associated with the beverage "Moxie." These bottles were manufactured to order for Daoust. When used for dispensing the beverage over a counter, the resemblance of the bottles is so close that the Bo-La bottle would appear to the casual inspection of a customer to be a Moxie bottle.

The similarity of the beverages in color and in taste, together with the similarity of the bottles, facilitates the substitution of the Daoust beverage for Moxie without detection by the customer.

The Moxie Company has produced evidence to the effect that many retail dealers, when asked for Moxie, have served Bo-La from Bo-La bottles.

We think it clear from the record that the use of this bottle facilitates fraud by unscrupulous retail dealers, and that Daoust is deriving a profit fom the fact that his beverage is in many instances fraudulently substituted for Moxie.

No satisfactory explanation is given by Daoust for ordering his bottles to be made in such close resemblance to the Moxie bottle, and we see no legitimate reason why Daoust, in marketing a beverage so similar to Moxie in color and taste, should choose also to adopt a container so closely resembling that of the Moxie Company, thus increasing the chance of deception.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] There is the usual stress placed upon points of difference in labels, blown into the glass and affixed thereto, in caps, etc.; but differences which do not destroy the general similarity of appearance to the ordinary purchaser are of no consequence and need not be dwelt upon. Unless the differences shown are such as to destroy the substantial similarity of the articles for the purposes of ordinary use, they fall short of a defense.

Both from our own inspection and from the evidence in the record we are satisfied that the resemblance is such as tends to mislead purchasers, and we find nothing in this record which justifies a dealer in putting forth a package which, under ordinary conditions of use, is so apt to deprive the Moxie Company of sales, and to induce sales of Daoust's beverage.

Counsel for Daoust insist that he is not responsible for the fact that tricky retailers represent his manufacture as that of the Moxie Company, provided he has done his legal duty in distinguishing his product. If, however, he chooses, without necessity, to imitate in general appearance the complainant's package, he does not perform his legal duty of distinguishing his product by making differences which leave unimpaired the general resemblance.

The question is of similarity in essentials. This similarity could easily have been avoided by ordering a bottle of size or shape different from the Moxie bottle, or by a change in color of the beverage. See Coca-Cola Co. v. Gay-Ola Co. (C. C. A.) 200 Fed. 720, 724, 725. It is suggested that the latter is impossible, but little weight can be given to such a suggestion or to Daoust's evidence as to the impossibility of doing so.

[2] If the confusion is caused by the general appearance, the burden is upon Daoust to see to it that ultimate fraud does not result. Though Daoust has a right to use a bottle like the Moxie bottle, and to make a beverage that resembles in taste or in color the complainant's beverage, he has no right to use these things in that special combination in which the complainant uses them, if that has become a distinctive combination distinguishing the complainant's article.

The whole argument that by labels in and upon the glass he has done all that he could do to distinguish the bottle rests upon a false assumption; i. e., that he had a right to adopt the same package, provided that, after adopting it, and while continuing to hold it in use, he did all in his power to destroy the similarity, though he was unsuccessful in doing so.

The complainant cuts under this by saying that the defendant had no right to do that which rendered these distinctions necessary, and which also rendered them futile.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to enter a decree for the complainant for an injunction and for further proceedings consistent with this opinion, and the appellant recovers its costs of appeal.