JOHN K. & CATHERINE S. MULLEN BENEVOLENT CORPORATION v. UNITED STATES.

No. 731.

District Court, D. Idaho, E. D.

April 5, 1930.

Bissell & Bird, of Gooding, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., of Boise, Idaho, and B. E. Stoutemyer, Dist. Counsel, Bureau of Reclamation, of Portland, Or.

CAVANAH, District Judge.

The city of American Falls enacted certain ordinances authorizing the issuance of local improvement bonds, and to provide funds for the construction of a sewer system and sidewalks, and the levy of a special assessment therefor against the property benefited, which became a lien thereon. Thereafter the bonds in question, which are now due and unpaid, were regularly issued, and plaintiff before their maturity, who became the owner and holder of ten of them, now brings this action to recover from the United States the balance of principal and interest due thereon, upon the theory that in January, 1927, the defendant, under acts of Congress, acting through its authorized agents of the Department of the Interior, and the Reclamation Service, without proceeding in eminent domain, or making compensation to the plaintiff, took permanent and exclusive possession and title of all of the real property within the local districts, to be used for a Public Reclamation Storage Reservoir, and sold and removed all improvements located thereon, and inundated and permanently flooded the land embraced within the districts, thereby completely destroying plaintiff's only method of enforcing the payment of the assessments. Under the terms of the bonds and statutes of Idaho, the only method of enforcing and collecting them was by the levy and collection of special assessments on the property within the districts, which became a lien thereon. The city has not, by the terms of the bonds, obligated itself to pay them, nor has the holder thereof any claim against it for nonpayment, as its remedy is confined to the enforcement of the assessment levied against the property.

The defendant demurs generally to the complaint, and asserts first that the United States can be sued only in cases arising in contract, and, as the only contract disclosed by the complaint and upon which the suit is brought is one between the city and the bondholder to pay them a certain amount of money if available in the special fund, it is in no sense a contract of the United States.

Admittedly an action may be maintained against the United States upon an implied contract. If, under circumstances, where it has taken over for a public purpose, the private property of another, a contractual obligation will be imposed by law on it to compensate for destroying the interests of another, where the circumstances of the taking of the property are as alleged in the complaint. When the United States, without compensating the plaintiff, a lienholder, took permanent and exclusive possession of the lands and devoted them to reservoir purposes, it destroyed the lien back of the bonds and made it impossible for the plaintiff to collect on its bonds, and when in doing so it was taking private property without just compensation and impliedly contracted with the bondholder and obligated itself to pay the lien upon the property. Otherwise, one who may have a lien interest in land would be deprived of his right to realize upon his lien. The only remedy under the state statute of the bondholder in case the assessment is not paid is against the property of the delinquent, and not against the city, and he must look to the special fund provided by the assessment for the payment of the principal and interest of such bonds. New First Na-

tional Bank of Columbus v. City of Weiser, 30 Idaho, 15, 166 P. 213. It is now held that if the United States appropriates to a public use property which is admitted to be private property, it may be held as upon an implied contract to pay its value. United States v. Great Falls Mfg. Co., 112 U. S. 645, 5 S. Ct. 306, 28 L. Ed. 846. So here when the United States took exclusive possession of private property upon which there existed a lien for the payment of the bonds, and destroyed it so that plaintiff could not realize on its bonds, it did so with full knowledge that the property upon which the assessment lien existed was the only source, under the state statute, from which the bondholder could collect his bonds. Under such circumstances an implied contract arises to, pay the amounts of the liens.

It is further urged that the plaintiff has not suffered any loss, as it is alleged that the bonds were and are worth their face value, and that their security has been destroyed by reason of the acts of the defendant. While the words "were" and "are" appear when in referring to the value of the bonds, yet, when we consider the allegations of the complaint taken as a whole, it is apparent that the security and only source of realizing upon the bonds has been destroyed by reason of the acts of the defendant when in permanently flooding the land upon which the lien appears and which has caused the bonds to be worthless.

It further appears by the complaint that the defendant took possession of the lands in the manner already stated, and, as shown, the plaintiff had a right secured by a lien on the real estate which is a property right. The statute under which the bonds are issued, as interpreted by the Supreme Court of the state, provides that the property is held for the payment of the bonds by reason of the lien created thereon when the assessment is levied to pay the costs of the improvement, and the only remedy the bondholder has is against the property. New First National Bank of Columbus v. City of Weiser, supra.

Further objection is made that the complaint does not disclose the maturity of the bonds, their ownership in the plaintiff, and being due and unpaid. An examination of the complaint shows that these facts appear, and warrant the belief that the assessments have not been paid.

■ The inquiry is made by the parties, but not urged, as to whether under the Tucker Act, providing that the suit must be brought in the district where the plaintiff resides (24 Stat. 506, § 5 [28 USCA § 762]), the court has jurisdiction of the cause, where it appears that the plaintiff is a resident of the state of Colorado. The United States, by its counsel, has informed the court that it is willing to waive the question of jurisdiction, and it would be more convenient for both parties and less expensive to present the case in this district than in the Colorado district. The requirement as to the particular district within which a suit should be brought is one which can be waived, and is deemed to have been waived in the absence of specific objection upon that ground being pleaded, and when consent is given by the government. United States v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; New York & O. S. S. Co., Ltd., v. United States (D. C.) 202 F. 311.

The demurrer will be overruled.