**UNITED STATES, for Use of MUTUAL METAL MFG. CO. v. BIGGS et al.**

No. 165–D.

District Court, E. D. Illinois.

Aug. 11, 1942.

Ray Foreman, Asst. U. S. Atty., of Danville, for the Government.

Leo Burk and John Twomey, both of Danville, Ill., for Mutual Metal Mfg. Co.

McKinley, Price & Quindry, of Chicago, Ill., and Allen & Dalbey, of Danville, Ill., for defendant.

LINDLEY, District Judge.

The United States sues for the use of subcontractors on a bond executed under the provisions of the Miller Act, 40 U.S.C. A. § 270a(2), which provides that a contractor with the United States must furnish a bond for protection of persons supplying labor or material in prosecution of work provided for in the contract and that on failure of the contractor to pay any subcontractor, the United States may sue for the use of such beneficiaries.

The complaint alleges that Biggs and Gregory, partners, and Biggs Construction

10

Company entered into a contract with the United States for construction of a post office building at Newton; that in accord with the Act, defendants delivered a bond to the United States for $100,000 to assure payment to subcontractors who might supply materials for the building, executed by the Western Casualty and Surety Corporation as surety; and that the use plaintiffs furnished certain supplies and labor as subcontractors, and have not been paid. Defendants have filed a counterclaim asserting that the United States owes them $7,718.15 on the contract. The United States now moves to strike and dismiss the counterclaim, alleging that this court has no jurisdiction to adjudicate it.

Defendants base their right to maintain the counterclaim upon the Tucker Act, 28 U.S.C.A. § 41(20), rules 13 and 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the decision in United States v. American Surety Co., D.C.E.D.N.Y.1938, 25 F.Supp. 700.

The Tucker Act confers jurisdiction upon the District Courts "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded * * * upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable * * *."

Rule 13 provides, generally, that when a complaint is filed, all counterclaims arising out of the same transaction must be set up and Rule 14 that third parties may be brought in.

In United States v. American Surety Company, supra, the District Court for the Eastern District of New York held that where the United States is suing for the use of a subcontractor, the contractor may set up as a counterclaim any claim it has against the United States. Examination of the two Acts involved and decisions under them leads me to disagree with this conclusion.

■ A postulate fundamental in our government since its inception is that without statutory consent, no suit may be brought against the United States. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; State of Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.

Ed. 510; United States v. Thompson, 98 U.S. 486, 489, 25 L.Ed. 194; Buchanan v. Alexander, 4 How. 20, 11 L.Ed. 857. In order to be fair to private parties, in certain instances, however, Congress has extended certain statutory relaxation of the rule, the Tucker Act being a familiar example.

■ Since statutory relaxation of the rule is an exception to a fundamental principle of government, the courts have been careful not to extend jurisdiction in suits against the United States beyond the exact limitations prescribed by Congress. Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598. Consequently, if this court may take jurisdiction of defendants' counterclaim, justification must be found in the provisions of the Tucker Act.

■ Under that Act, the District Court is not limited to its ordinary jurisdictional boundaries, but has concurrent jurisdiction with the Court of Claims. United States v. Pfitsch, 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084; Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020; United States v. Dismuke, 5 Cir., 76 F.2d 715. Actually, under it, the District Court sits as a Court of Claims and not as a District Court and its authority to adjudicate claims against the United States does not extend to any action which could not be maintained in the Court of Claims. United States v. Sherwood, 312 U.S. 584, 591, 61 S.Ct. 767, 85 L.Ed. 1058; Lowe v. United States, D.C.D.N.J., 37 F.Supp. 817. This is apparent from the purpose of the Act—to give persons having claims against the United States for comparatively small amounts the right to bring suits in the districts where they and their witnesses reside without subjecting them to the expense and annoyance of litigating in a court in Washington. New York & O. S. S. Co. v. United States, D.C., 202 F. 311, 312; Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020.

■ Thus, whether the District Court has jurisdiction is dependent upon whether the Court of Claims could have assumed jurisdiction. That court is legislative, not constitutional in character and function and its jurisdiction arises from the Congressional power "to pay the debts * * * of the United States," which it is free to exercise through judicial agencies. United

States v. Sherwood, 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058; Williams v. United States, 289 U.S. 553, 579, 53 S.Ct. 751, 77 L.Ed. 1372; Ex parte Bakelite Corporation, 279 U.S. 438, 452, 49 S.Ct. 411, 73 L.Ed. 789. There is in that court no constitutional right to a jury trial. McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189. Yet in the case at bar, under the Miller Act, the parties are entitled to such a trial.

■ The principle purpose of the Court of Claims is to examine and determine claims for money against the United States. Ex parte Bakelite Corporation, supra; Williams v. United States, supra. If relief is sought against others than the Government, the suit as to them is beyond the jurisdiction of the court, United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; Lynn v. United States, 5 Cir., 110 F.2d 586, 588; Leather and Leigh v. United States, 61 Ct. Cl. 388, or if maintenance of a cause against private parties is prerequisite to prosecution of the suit, it must be dismissed, United States v. Sherwood, supra; Jackson v. United States, 27 Ct.Cl. 74, 84; Waite v. United States, 57 Ct.Cl. 546; Leather and Leigh v. United States, supra.

■ Under this state of the law can this counterclaim be allowed? If a suit is brought by the United States against a defendant for an amount allegedly due the United States, defendant may properly set up by way of defense any amount owing him to the extent of such claim. The court, however, has no jurisdiction to render an affirmative judgment against the United States on a counterclaim. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; United States v. Eckford, 6 Wall. 484, 18 L.Ed. 920. In United States v. Nipissing Mines Co., supra, [206 F. 434], the court said: "In our opinion, the Tucker Act of 1887 which gives the District Courts jurisdiction over certain suits against the United States, is not broad enough to permit the recovery of demands upon counterclaims. We think that that statute refers to original suits and prescribes procedure inconsistent with its use as the basis of a counterclaim." In United States v. Shaw, supra [309 U.S. 495, 60 S.Ct. 662, 84 L.Ed. 888], the court said: "Against the background of complete immunity we find no Congression-

al action modifying the immunity rule in favor of cross-actions beyond the amount necessary to set-off." If this court were to take cognizance of defendant's counterclaim and give judgment upon it, it would exceed its specifically defined jurisdiction of suits against the United States under the Tucker Act. The United States is merely a nominal party plaintiff and made plaintiff only because of the requirement expressed in the Miller Act. It has no actual pecuniary interest. The suit is for the benefit of the subcontractors, and upon its successful prosecution, they only will receive the benefits of the judgment. That this is true is indicated by the provision in the Miller Act that "the United States shall not be liable for the payment of any costs or expenses of any such suit." 40 U.S.C.A. § 270b.

■ Further, an examination of the Miller Act, 40 U.S.C.A. § 270a et seq., indicates that the sole purpose of the Act is to protect the subcontractor, and not to provide a basis for recovery between the contractor and a third person. In Seaboard Surety Co. v. United States, 9 Cir., 84 F.2d 348, 350, the court, speaking of the scope of the Heard Act, 40 U.S.C.A. § 270, the predecessor of and substantially the same as the Miller Act, said: "It is our opinion that the statute upon which the United States brings suit on behalf of the suppliers of labor and material to the principal contractor does not contemplate anything more than adjudicating the obligation to such suppliers flowing from the bond given by the principal contractor and his surety. While the statute must be liberally construed for the purpose of protecting the claims of such suppliers, Fleischmann Const. Co. v. United States to Use of [G. W.] Forsberg, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624, liberality of construction for their protection does not warrant an expansion of adjudicatory power to include controversies between other parties. It is a statutory remedy and gives no equitable jurisdiction whatsoever. So far as the statute contemplates a single action in which there may be tried the several causes of action of these suppliers, it is not designed to avoid a multiplicity of suits beyond the area of these suppliers' causes of action."

■ Inasmuch as the proceedings is statutory in character and vests in the District Court no general jurisdiction as in

equity or law, but only jurisdiction over certain specified claims, Rules 13 and 14 have no application and counterclaims against the United States no place in the picture. To permit the claim against the United States would be to render an affirmative judgment against the United States on a counterclaim which, in the light of prevailing reasoning, is no part of the statutory proceedings. United States v. Shaw, supra; United States v. Nipissing Mines Co., supra; United States v. Eckford, supra.

That the United States, as a nominal plaintiff, is not bound to answer defendant's counterclaim is further demonstrated by United States v. Beebe, 127 U.S. 338, 8 S.Ct. 1083, 32 L.Ed. 121. There a suit was brought by the United States to cancel certain patents to lands, and it was held that while the Government had a sufficient interest to maintain the suit, it was merely a formal party, enforcing a private right for the benefit of private parties, and that the defenses of limitations and laches, which could not be asserted against the United States if it were suing in its own interest, were nevertheless available to the private parties. If the defenses available against the United States as a real plaintiff can not be asserted when it is a nominal plaintiff, a counterclaim is not available against the United States when it is acting as a mere nominal plaintiff.

The refusal of defendant's counterclaim does not do violence to the rules of Civil Procedure, since authority to make rules of procedure for the exercise of jurisdiction does not enlarge jurisdiction. United States v. Sherwood, 312 U.S. 584, 589, 61 S.Ct. 767, 85 L.Ed. 1058. In fact, Rule 13(d) expressly states that counterclaims against the United States will not be allowed beyond the limits fixed by law.

Defendant's counterclaim should fail also under 28 U.S.C.A. § 774. That section provides that in suits brought by the United States against individuals, "no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the General Accounting Office for its examination, and to have been by it disallowed, in whole or in part * * *." Since no such presentation of the claims here asserted has been made, and no excuse for non-presentation is asserted, the counterclaim is defective as a pleading. See North Dakota-Montana W. G. Ass'n v.

United States, 8 Cir., 66 F.2d 573, 578, 92 A.L.R. 1484, certiorari denied 291 U.S. 672, 54 S.Ct. 457, 78 L.Ed. 1061; Fisher Flouring Mills Co. v. United States, 9 Cir., 17 F.2d 232, 235; United States v. Cantrall, C.C., 176 F. 949, 954.

The motion to strike and dismiss the counterclaim is granted.