UNITED STATES of America for the Use and Benefit of R. C. HUGHES ELECTRIC CO., Inc., and Cable Construction Company, corporations, Plaintiff,

v.

COOK ELECTRIC COMPANY, a corporation and United Pacific Insurance Company, a corporation, Defendants.

COOK ELECTRIC COMPANY, a corporation, Third-Party Plaintiff,

v.

UNITED STATES of America, Third-Party Defendant.

Civ. A. No. 2334.

United States District Court
E. D. Washington, N. D.

April 29, 1963.

Robert D. Campbell and Brown & Thayer, Spokane, Wash., for R. C. Hughes & Co. and Cable Const. Co.

MacGillivray, Jones, Clarke & Schiffner, Spokane, Wash., Defrees, Fiske, Thomson & Simmons, Chicago, Ill., for Cook Electric Co. and United Pacific Ins. Co.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for the United States.

POWELL, Chief Judge.

This matter came on for hearing before the Court on the motion of the United States of America to dismiss the third-party complaint filed against it by the defendant and third-party plaintiff, Cook Electric Company. The matter was submitted on the briefs of the parties. The briefs and the records and files in this case have been considered.

The motion is on the ground that the United States of America has not waived its sovereign immunity nor consented to be sued as a third-party defendant in this type of case. The defendant and third-party plaintiff takes the position that the cause of action is vested in the United States of America and that the third-party complaint is merely a setoff or recoupment, and therefore defensive.

The statute, 40 U.S.C.A. § 270a, authorizes actions of this kind to be brought in the name of the United States for the use and benefit of the sub-contractor, materialman or laborer who may have a right of action under the Miller Act. The United States of America takes the bond in its name because at the time the original contract is made there is no indication as to who the sub-contractors, materialmen or laborers will be. Therefore, the bond cannot be taken in the name of such person for whose use and benefit an action like this is brought.

■■ I do not deem that the United States of America is a real party plaintiff. United States to Use and Benefit of Platten v. Bush Const. Co., 109 F.Supp. 378, 380 (E.D.Mich.1953). I construe the action as one brought by the two sub-contractors named in the title of the action as plaintiffs against the two defendants. The third-party complaint is not defensive but rather an affirmative demand and not proper under the Miller Act. United States for Use of Mutual Metal Mfg. Co. v. Biggs, 46 F.Supp. 8, 11–12 (E.D.Ill.1942).

If the defendant and third-party plaintiff is to maintain the third-party complaint it must establish a right to maintain that same action against the United States. It can only do so under the Tucker Act or in the Court of Claims. Otherwise, third-party plaintiff must proceed through administrative channels.

The third-party complaint is not a set-off or recoupment. It is an independent action brought by the defendant against the United States to recover a sum equal to the indebtedness claimed by the plaintiffs. The United States has not granted the authority for the maintenance of the third-party complaint against it or consented to be sued.

### ORDER

It is hereby ordered that the third-party complaint is dismissed.