**UNITED STATES of America for the Use and Benefit of ROBERT A. LA CENTRA CO., Inc., Plaintiff,**

v.

**EDWARD R. MARDEN CORP. and Planet Insurance Company, Defendant and Third-Party Plaintiff,**

v.

**JOHNSON SERVICE COMPANY, Third-Party Defendant.**

**Civ. A. No. 3928.**

United States District Court
D. Rhode Island.

Dec. 2, 1968.

Abraham Belilove, Providence, R. I., for plaintiff.

Zietz, Sonkin & Radin, Providence, R. I., for third-party defendant.

## OPINION

PETTINE, District Judge.

The plaintiff is a subcontractor suing under 40 U.S.C. § 270a(a)–(d), the Miller Act, for money allegedly owed him by the general contractor and the general contractor's surety. The general contractor has answered and counterclaimed. The answer denies that any further payments are owed; the counterclaim sets up additional alleged breaches of contract by the plaintiff subcontractor. The subcontractor has added the Johnson Service Company, the movant on this motion, as third-party defendant to the counterclaim. This is the third-party defendant's motion to dismiss on jurisdictional grounds.

It is the third-party defendant's position that the jurisdiction of this court is conferred by the Miller Act, and that, because the Miller Act does not expressly grant jurisdiction over third-party claims arising out of the same facts, no jurisdiction exists as to this defendant.[1] The third-party defendant further asserts

1. In support of its position, the third-party defendant cites three cases. United States to Use of Baltimore Brick Co. v. John A. Johnson & Sons, 65 F.Supp. 514 (D.C.Md.1945); aff'd 153 F.2d 534 (4th Cir. 1946); Crim v. Lumbermens Mut. Casualty Co., 26 F.Supp. 715 (D. D.C.1939); United States for Use of Mutual Metal Mfg. Co. v. Biggs, 46 F.Supp. 8 (D.Ill.1942). None of these cases supports the third-party defendant's jurisdictional argument. *Baltimore Brick* was a contract action by a brick supplier against its general contractor for the balance owing on bricks. The general contractor joined a subcontractor as a third-party defendant. The third-party defendant counterclaimed against the original plaintiff and the third-party plaintiff. A controlling factor in the case was the

that the Federal Rules of Civil Procedure cannot be construed so as to enlarge the jurisdiction of the federal courts. Fed.R.Civ.P. 82. Hence, even though Rule 14 clearly permits this defendant to be impleaded, that rule cannot change the absence of express jurisdiction.

▮ Certainly, the third-party defendant is correct with respect to its assertions that no express jurisdiction is given over third-party claims in the Miller Act and that the Federal Rules cannot be used to enlarge federal jurisdiction. However, the third-party defendant completely ignores the theory of "ancillary" jurisdiction. That theory is well stated in 1A Barron & Holtzoff, Federal Practice and Procedure § 424 at p. 653 (Wright ed. 1960).

> It is the theory of the rule that the defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim. In this view, the court which has jurisdiction over the aggregate of facts which constitutes the plaintiff's claim needs no additional ground of jurisdiction to determine the third-party claim which comprises the same core of facts. It is in this sense that the court is said to have ancillary jurisdiction over the third-party claim.

While it is true that there is no recorded precedent in which the doctrine of ancillary jurisdiction has been applied to a third-party claim relating to a Miller Act defendant's counterclaim, this court thinks the general principles applied by

the courts to third-party claims with respect to ancillary jurisdiction are met in this case. There is here a third-party claim which is an outgrowth of the plaintiff and defendant's claim and counterclaim, respectively. The same facts which the defendant will be asserting on the counterclaim as to the plaintiff subcontractor's delay, will, in turn, be asserted by the subcontractor over against the third-party. Hence, the very basis of the doctrine of ancillary jurisdiction is satisfied. See Heintz & Co., Inc. v. Provident Tradesmen's Bank & Trust Co. v. Kerr, 30 F.R.D. 171 (E.D. Pa.1962). Cf. Moore v. New York Cotton Exchange, et al., 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). In addition, the very purposes for which Rule 14 was promulgated will be served by denying the motion to dismiss on jurisdictional grounds. As the third-party plaintiff, LaCentra, states in its brief at pp. 4–5:

> The purpose and objective of Rule 14 is to avoid circuity of action and to dispose, in one litigation, of an entire subject matter arising from a particular set of facts, and to accomplish ultimate justice for all concerned with economy in litigation by avoiding two actions which should be tried together.

> \*   \*   \*   \*   \*   \*

> The third-party complaint procedure is designed to prevent the very duplicity of litigation which will arise if the motion to dismiss is allowed, with the distinct possibility of two different court adjudications on the

contract between the plaintiff supplier and the third-party defendant subcontractor, on the strength of which the subcontractor was obliged to pay. A second controlling factor was the contract between the subcontractor and the general contractor which was a *materials contract* not within the scope of the Miller Act. The court's refusal to permit recovery by the subcontractor against the general contractor was based on non-jurisdictional, contractual and statutory construction grounds. It is readily distinguishable from the case at bar.

The *Biggs* case refused to permit a counterclaim by a contractor, sued on a payment bond, against the nominal plaintiff, the United States. That case went off on a jurisdictional ground different from the instant case, because the counterclaimant's suit was alleged on the basis of Tucker Act jurisdiction and the Tucker Act was expressly exceeded.

The *Crim* case is simply inapposite. It may, in fact, be taken to support the non-movant's position in this case.

same factual issues in the same transaction.

\*   \*   \*   \*   \*   \*

If the third-party complaint is dismissed, LaCentra will have to counterclaim against Johnson Service in the latter's suit on the delay aspect. That court could find the temperature controls were faulty; while this court could find exactly the opposite.

For these reasons, the third-party defendant's motion to dismiss on jurisdictional grounds is denied.