674

UNITED STATES of America,
Plaintiff,

v.

Loren E. THOMPSON, d/b/a Parkers-
burg Die and Tool Company,
Defendant.

No. 760–W.

United States District Court
N. D. West Virginia,
Wheeling Division.

April 19, 1957.

Albert M. Morgan, U. S. Atty., R. J.
Schleuss, Asst. U. S. Atty., Fairmont,
W.Va., for plaintiff.

Robert Evans Stealey, Lawrence M.
Ronning, Parkersburg, W.Va., for de-
fendant.

BOREMAN, District Judge.

Plaintiff, United States of America,
hereinafter variously referred to as

"plaintiff", "United States" or "Government", brought this action against defendant to recover damages for alleged breach of contract. In the first count of the complaint, plaintiff charges: That it entered into a contract with defendant whereby defendant agreed to deliver certain materials by a certain date; that after an extension of time within which to make said deliveries, defendant still failed to do so; that plaintiff notified defendant of the default and terminated the contract pursuant to the terms thereof; that plaintiff purchased the materials covered by the contract on the open market, the cost of which exceeded the contract price by $16,007.31; that the proceeds of a check due defendant from the plaintiff in the amount of $1,681.86 were applied in reduction of the larger sum, leaving a balance due of $14,325.45.

In his answer to the first count of the complaint, defendant charges: That plaintiff waived performance of the contract and acquiesced in defendant's delay; that defendant was not in default and plaintiff wrongfully terminated the contract; that plaintiff had no right of offset whatever and wrongfully withheld $1,681.86 due defendant from plaintiff on a liquidated demand as a claimed offset against plaintiff's unliquidated demand for damages for alleged breach of contract. Defendant's answer denies all liability to the plaintiff on the first count and sets up two counterclaims. Counterclaim (a) prays judgment against the plaintiff for the said sum of $1,681.86, with interest from 1953. Counterclaim (b) demands judgment of $5,000.00 against the plaintiff for loss of defendant's profit on the contract claimed to have been suffered by reason of plaintiff's wrongful termination.

Plaintiff moved for a dismissal of the counterclaims, challenging the jurisdiction of this Court to entertain them for the reason that each seeks an affirmative judgment against the sovereign, the United States.

Defendant cites Title 28 U.S.C.A. § 1346(a) (2) which provides:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Defendant argues that either counterclaim would clearly appear to be a "civil action or claim", within the literal language of the statute, of which the district court is given jurisdiction, these counterclaims being of such a nature as could have been asserted in an original action against the United States.

The Government takes the position that neither the statutory provisions cited by the defendant nor Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorize assertion of these claims of defendant as counterclaims in so far as they seek affirmative judgments against the United States.

Does a United States District Court have jurisdiction to entertain a counterclaim in a civil action in which the United States is plaintiff, and to render a judgment against the United States, provided the counterclaim be less than $10,000? This is the question here presented.

There is a sharp division of authority and the courts are not in agreement in finding an answer to this question. There appears to be no doubt that the subjects of these counterclaims could have been asserted in an original action against the United States. Neither exceeds $10,000 in amount. One is based on a check issued by the plaintiff to the defendant, and the other is a claim for unliquidated damages for alleged breach of contract. For what reason, then, is the defendant to be denied the right to

seek recovery of these claims against the United States by way of counterclaims and required to test their validity in an original action, when both parties are here before the Court?

 It is fundamental, and little authority need be cited for the proposition, that the sovereign is immune from suits in its own courts in the absence of statutory waiver of immunity. Permission to sue the United States must be specifically granted by Congress. It will not be implied. See United States v. Lashlee, D.C.W.D.Ark.1952, 105 F. Supp. 184.

In United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 657, 84 L.Ed. 894, the Court said:

"The desirability for complete settlement of all issues between parties must, we think, yield to the principle of immunity. * * * Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the admitted exercise of judicial power is void."

Mr. Justice Reed, in delivering the opinion of the Supreme Court in United States v. Shaw, 309 U.S. 495, at page 502, 60 S.Ct. 659, 662, 84 L.Ed. 888, said:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress. We, of course, intimate no opinion as to the desirability of further changes. That is immaterial. Against the background of complete immunity, we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off."

In Nassau Smelting & Refining Works v. United States, 266 U.S. 101–106, 45 S.Ct. 25, 69 L.Ed. 190, it was held:

"The objection to a suit against the United States is fundamental, whether it be in the form of an original action, or a set-off, or a counterclaim. Jurisdiction in either case does not exist, unless there is specific Congressional authority for it. Nor is there doubt that the question is one which involves the jurisdiction of the District Court as a federal court under the statutes of the United States, for the jurisdiction of the District Court in this regard is wholly dependent on such statutes."

 Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. pertains to counterclaims and cross-claims. Subdivision (a) deals with compulsory counterclaims, and, standing alone, would require a defendant to counterclaim if his claim arises out of a transaction or occurrence that is the subject matter of the plaintiff's claim. Subdivision (b) deals with permissive counterclaims and would permit the defendant to state as a counterclaim any claim against the plaintiff not arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim. In so far as this Court is informed by the pleadings, it would appear that the defendant's counterclaim (b) for the sum of $5,000 would be a compulsory counterclaim, and defendant's counterclaim (a) for the sum of $1,681.86 would be a permissive counterclaim. However, subdivisions (a) and (b) of Rule 13 are qualified by subdivision (d) of the same rule, which is as follows:

"(d) Counterclaim Against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

In view of subdivision (d) of said Rule 13, and bearing in mind the immunity of the sovereign from suits without consent, the courts must look for other possible statutory consent or waiver of immunity.

 Title 28 U.S.C.A. § 1346(c), provides:

"(c) The jurisdiction conferred by this section includes jurisdiction

of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."

However, this Court agrees with the opinion of District Judge Kaufman in United States v. Wissahickon Tool Works, D.C., 84 F.Supp. 896, at page 902, who, in construing Section 1346(c), said:

"There is no reciprocal provision authorizing counterclaims against the United States in actions in which the United States is plaintiff, and it appears to be settled that although a claim may be of such a character that an original suit might be brought on it against the United States, the provisions authorizing such a suit are not broad enough to authorize the assertion of the claim as a counterclaim in so far as it seeks to recover an affirmative judgment against the United States. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; see United States v. Shaw, 309 U.S. 495, 60 S. Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L. Ed. 894; * * * 3 Moore's Federal Practice (2d Ed.) § 13.29."

The defendant here appears to strongly rely upon the case of United States v. Silverton, 1 Cir., 1952, 200 F.2d 824, as authority for the point that the District Court, in said case, had jurisdiction to render an affirmative judgment against the United States in an action by the United States against a buyer of war surplus material for balance due on purchase of scrap webbing. The defendant buyer answered denying liability, and counterclaimed for losses he had allegedly sustained due to misrepresentations of the Government on the ground that the goods received by him were not such as the general trade recognized as scrap webbing and were not free of metal. The United States District Court entered judgment for the defendant and the Gov-

ernment appealed. The Court of Appeals held that where bid forms for the purchase of the scrap webbing expressly stated that all property was sold "as is" without any express or implied warranty of any kind, defendant was not entitled to damages for alleged breach of contract and the Government was entitled to judgment for unpaid purchase price. The judgment of the District Court was vacated and the case was remanded with instructions. It will be observed that, in the Silverton case, the Court of Appeals rendered judgment for the United States on the merits and that there was no ground for further review. Thus, it would seem that the Silverton case is of doubtful persuasiveness in respect to the point that the District Court has jurisdiction to render an affirmative judgment in this action.

The defendant cites, in support of his position, other cases decided under the Federal Tort Claims Act, but these cases are inapposite.

3 Moore's Federal Practice, § 13.28, at pages 75 and 76, states:

"The United States, by the institution of a civil action or proceeding, subjects itself to: (1) A compulsory counterclaim asserting matter of recoupment, which arises out of the transaction or occurrence that is the subject matter of the sovereign's suit and is used to defeat or diminish recovery by the sovereign, *but the institution of suit does not warrant an affirmative judgment against the United States*; and (2) a set-off, which is a permissive counterclaim, to the extent that it is authorized under § 2406 in the court where the set-off is pleaded. Whether the counterclaim is compulsory or permissive, it cannot, except as stated above, be maintained against the sovereign unless it is predicated on a claim to which the United States has given its statutory consent to be sued in the court where the counterclaim is interposed, *and where this consent includes a 'counterclaim'* (as

distinguished from an 'original' action) against a sovereign." (Emphasis supplied.)

There is some authority to the effect that if the claim of the individual against the Government is such that the Government has given its consent to be sued thereon in an original action, that individual may assert his claim as a counterclaim in an action instituted against him by the Government and may recover an affirmative judgment against the United States. This has been designated as the more "liberal view". For example, see citation of authorities in Graske v. Johnson, D.C.S.D.N.Y.1951, 97 F.Supp. 678, 679. However, the District Court in the Graske case considered itself bound by United States v. Nipissing Mines Co., supra, and dismissed the defendant's counterclaim.

While the "liberal view" may appear to be more logical, it is apparently not the majority view at the present time. 3 Moore's Federal Practice states, at § 13.29, page 80:

"In view of the objectives of Rule 13, it would be desirable to permit a defendant to interpose in the Government's action any counterclaim based on a claim to which the United States has consented to be sued in the District Court, and obtain an *affirmative* recovery when warranted, rather than require the claimant to institute an original action for that purpose. It is doubtful, however, whether this complete objective can be achieved, due to the Supreme Court's strict interpretation in matters involving sovereign immunity."

As the defendant has denied all liability to the plaintiff, claims of set-off would appear to be inconsistent with his theory of defense. However, the Court is of the opinion that the defendant should be given the opportunity to assert claims of set-off if he so desires.

Defendant's counterclaims (a) and (b) will be dismissed and stricken from the defendant's answer to the plaintiff's complaint, with leave to the defendant, if so advised, to amend his answer so as to set forth claims of set-off and eliminating the claims for affirmative judgment against the United States. Ordered accordingly.