**UNITED STATES of America,**
**Plaintiff,**

v.

**Anthony J. RUDIS and Mary P. Rudis et al., Defendants.**

**No. 58 C 1311.**

United States District Court
N. D. Illinois, E. D.
June 24, 1959.

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff and counter-defendant.

Hubbard, Hubbard & Dorgan, Chicago, Ill., for defendants and counter-plaintiffs.

SULLIVAN, District Judge.

This is an action by the United States to recover damages for alleged defects in goods sold to it by the defendants. Defendants have filed a counterclaim asking recovery of the purchase price of an entirely separate sale of goods by them to the plaintiff.

The United States has filed a motion to dismiss the counterclaim. It argues in support of the motion that it has not waived its sovereign immunity to suit, and the court has accordingly no authority to entertain the counterclaim.

█ This argument would necessarily prevail were it not for the existence of the Tucker Act (Title 28 U.S.C. § 1346 (a) (2)), giving district courts jurisdiction of any "civil action or claim against the United States, not exceeding $10,000 * * * founded * * * upon any express or implied contract with the United States". The counterclaim here meets these requirements, and it seems clear that defendants could file an original action setting forth the same claims. And even though the counterclaim involves a different transaction from the original action, the general rule is that such counterclaims are allowed (Rule 13 (b), F.R.Civ.P., 28 U.S.C.)

As one judge inquired, "For what reason, then, is the defendant to be denied the right to seek recovery of these claims against the United States by way of counterclaims and required to test their validity in an original action, when both parties are here before the Court?" United States v. Thompson, D.C.N.D.W.Va.1957, 150 F.Supp. 674, 675.

█ It is the opinion of this Court that the right should not be denied. Congress has in the Tucker Act waived the government's immunity to suit in the type of action represented by the counterclaim. And the Federal Rules of Civil Procedure recognize that such counterclaim against the United States are possible (Rule 13(d)): "These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States * * * ".

The intent of Rule 13 as expressed in subsections (b) and (d), as applied to the Tucker Act, seems clear. A counterclaim may be "any claim" against the opposing party. Counterclaims, to the extent they are authorized by law, may be asserted against the United States. The Tucker Act authorizes claims against the United States. (In this connection, it must be noted that the Tucker Act refers to any "civil action *or claim*"; if only an original action had been intended, the words "or claim" could have been omitted.) The claims thus authorized should accordingly be proper counterclaims.

This subject is not as free from doubt as the above analysis might indicate. On the contrary, "There is a sharp division of authority and the courts are not in agreement in finding an answer to this question". United States v. Thompson, supra, 150 F.Supp. at page 675. The cases are collected and discussed in the Thompson opinion just cited, and in the subsequent proceedings in the same case, reported at 4 Cir., 1957, 250 F.2d 43, and D.C.N.D.W.Va.1958, 168 F.Supp. 281. Reference is also made to Vol. 6, Cyclopedia of Federal Procedure, Pages 29, et seq., particularly page 32, footnote 56.

Recognizing this divergence of opinion, this Court agrees with the view that the counterclaim is proper. And this ruling

finds at least moral support from the Supreme Court in National City Bank of New York v. Republic of China, 1955, 348 U.S. 356, 75 S.Ct. 423, 99 L.Ed. 389.

Plaintiff's motion to dismiss defendants' counterclaim will be denied.