**UNITED STATES of America,**
**Plaintiff,**

v.

**TIMBER ACCESS INDUSTRIES COMPANY and United Pacific Insurance Company, Defendants.**

**Civ. No. 71–392.**

United States District Court,
D. Oregon.

Dec. 16, 1971

Sidney I. Lezak, U. S. Atty., Jack C. Wong, Asst. U. S. Atty., Portland, Or., for plaintiff.

James R. Moore, Souther, Spaulding, Kinsey, Williamson & Schwabe, Paul Meyer, Kobin & Meyer, Portland, Or., for defendants.

## MEMORANDUM OPINION AND ORDER

ALFRED T. GOODWIN, District Judge:

The government has moved to dismiss the several counterclaims of a logging company and its surety.

The United States brought this action as trustee for the Confederated Tribes of the Warm Springs Reservation of Oregon, asserting breaches of a logging

contract. The contract dealt with the logging of timber owned by the Indian tribe. The government alleges damages of $47,561.06. The logger counterclaims for $109,870.85.

The surety asserts that the government owes the logger more money (including money owed on contracts other than the one the logger has been sued upon) than the government demands in this action, and seeks to have all the government's demands against the logger settled from the logger's various government accounts rather than from the obligation of the surety's performance bond.

Because of the complexity of the numerous claims and counterclaims, I will consider first the relationship between the government and the logger.

Until a trial, or until the parties agree on a statement of facts, I will assume that both the government and the logger can prove their claims in full.

The government concedes that the logger has the right to recoup, upon proper proof, any justifiable part of its counterclaim that does not exceed the government claim. United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). The government argues, however, that sovereign immunity bars the balance of the counterclaim.

The logger admits that it cannot demand, in this court, affirmative relief for the full $62,309.79 by which its counterclaim exceeds the government claim. But the logger says that the Tucker Act, 28 U.S.C. § 1346(a) (2), allows it to counterclaim for at least $10,000 over and above the amount it seeks to recoup.

■ I have concluded that the Tucker Act does permit counterclaims for affirmative relief of up to $10,000 by private parties in actions commenced in the District Court by the United States.

While the Second Circuit held some years ago that counterclaims against the government are not permitted by the Tucker Act, United States v. Nipissing Mines Co., 206 F. 431 (2nd Cir. 1913), cert. denied, 234 U.S. 765, 34 S.Ct. 673, 58 L.Ed. 1582 (1914), more recent decisions have held that the district courts may entertain counterclaims against the United States for amounts not exceeding the $10,000 limit on direct actions against the United States in the district courts. United States v. Silverton, 200 F.2d 824, 826–827 (1st Cir. 1952); United States v. Holder, 292 F.Supp. 826, 830 (S.D. Iowa 1968); United States v. Summ, 282 F.Supp. 628 (D.N.J.1968).

The later decisions are consistent with Professor Moore's suggestion:

" * * * In view of the objectives of Rule 13 it would be desirable to permit a defendant to interpose in the government's action any counterclaim based on a claim to which the United States has consented to be sued in the district court, and obtain an *affirmative* recovery when warranted, rather than require the claimant to institute an original action for that purpose * * *." 3 Moore, Federal Practice ¶ 13.29 at 80 (Emphasis Professor Moore's).

The government argues that this court should not allow any part of the logger's counterclaim in excess of recoupment because the Tucker Act precludes the maintenance in the district court of claims in excess of $10,000. (Jurisdiction of claims over $10,000 is vested in the Court of Claims.) The government says that the logger in this case is trying to split a cause of action.

■ A "split" cause of action no longer causes the dismay which it engendered at common law. See United States v. Buffalo Coal Mining Co., 170 F.Supp. 727 (D. Alaska 1959). If the logger in the case at bar desires to counterclaim for $10,000 now and take a chance on the balance of the larger

claim later in the Court of Claims, I see no prejudice to the government in permitting such a choice. Indeed, it is possible that a trial in the pending case could shorten the related litigation for the benefit of all concerned.

■ The government has consented, by way of the Tucker Act, to be sued for affirmative contract damages not exceeding $10,000. Recoupment likewise is an established remedy. It does not offend sovereign immunity. Accordingly, sovereign immunity is no bar to the logger's counterclaim for the combined amount of $57,561.06 ($47,561.06 in the asserted recoupment and $10,000 in the affirmative Tucker Act claim.)

The final question is whether the logger's surety may assert three counterclaims it seeks to maintain against the government.

■ One of these counterclaims is the identical right of recoupment asserted by the logger. This claim is proper. To the extent that it would be available to the logger, recoupment is available to protect the surety from liability.

The surety asserts, however, two additional counterclaims against the United States on behalf of the logger. These counterclaims arise out of earlier dealings between the logger and the Department of Interior. These are permissive counterclaims for setoff under Fed.R. Civ.P. 13(b).

The surety makes no claim that the United States owes the surety any affirmative relief. Rather, the surety is attempting to supplement the logger's counterclaim with two permissive counterclaims on the logger's behalf as a means of insulating the surety against out-of-pocket liability if the government should prove that the logger did in fact breach its contract with the Indians and thus owes the government some part or all of the government's claim for $47,561.06 in damages.

Assuming that the surety may raise any claims for setoff and recoupment on behalf of the logger which the logger itself could raise, the first question is whether the logger could assert in this case Rule 13 counterclaims for setoff against the government.

There is authority which suggests that such claims for setoff are proper only if the claimant has first complied with 28 U.S.C. § 2406 by showing that his claim for credit was submitted to and disallowed by the General Accounting Office. Frederick v. United States, 386 F.2d 481 (5th Cir. 1967); Lowell O. West Lumber Sales v. United States, 270 F.2d 12 (9th Cir. 1959).

The surety contends that it has sought, and has been denied, relief by the Comptroller General of the United States regarding the credits allegedly owed to the logger under the two contracts with the Department of Interior. It would seem that the logger ordinarily could bring its permissive counterclaims for setoff in any action brought by the government. See United States v. Rudis, 178 F.Supp. 864 (N.D.Ill.1959), which held that a defendant may file a permissive counterclaim against the United States not only for setoff and recoupment, but also for affirmative relief of up to $10,000.

■ Since the logger ordinarily could bring permissive counterclaims for setoff, the surety ordinarily would be able to bring such claims on behalf of the logger. But these permissive counterclaims in this case must be dismissed because they arise out of contracts between the logger and the United States in its proprietary role, while the government's case involves the logger and the United States, not in its proprietary role, but only as Trustee for the Warm Springs Indians.

Counterclaims must be made against an "opposing party." Fed.R.Civ.P. 13(a), (b). In an action by a trustee, a counterclaim against the trustee in its individual capacity is not a claim against an opposing party under Rule 13. Higgins v. Shenango Pottery Co.,

99 F.Supp. 522, 524 (W.D.Pa.1951); Chambers v. Cameron, 29 F.Supp. 742 (N.D.Ill.1939). This is not a case where the trustee has answered the counterclaim on its merits and thus waived the objection. See Pioche Mines Consol. Inc., v. Fidelity-Philadelphia Trust Co., 206 F.2d 336 (9th Cir.), cert. denied 346 U.S. 899, 74 S.Ct. 225, 98 L. Ed. 400 (1953).

It is ordered:

(1) The government's motion to dismiss the Timber Access counterclaim is denied on the condition that Timber Access amend its counterclaim so that it seeks recoupment plus no more than $10,000 under the Tucker Act in this action;

(2) The government's motion to dismiss United Pacific's permissive counterclaims for setoff is allowed, and the government's motion to dismiss United Pacific's counterclaim, as surety on behalf of Timber Access, for recoupment is denied.

The parties have thirty days in which to lodge a pretrial order or apply for an extension of time for the lodging thereof.