## UNITED STATES v. NIPISSING MINES CO.

(Circuit Court of Appeals, Second Circuit. June 18, 1913.)

No. 191.

1. INTERNAL REVENUE (§ 9*)—CORPORATION TAX—"DOING BUSINESS."

Corporation Tax Law (Act Aug. 5, 1909, c. 6) § 38, 36 Stat. 112, 117 (U. S. Comp. St. Supp. 1911, pp. 946–951), provides that every corporation, joint-stock company, or association organized for profit and having a capital stock represented by shares shall pay an annual excise tax with respect to the carrying on or doing business by such corporation, joint-stock company, or association. *Held* that, where defendant corporation was organized to own the stock of a mining company, and had no assets except such stock, a small amount in bank and office furniture, etc., and did nothing other than receive dividends from the operating company

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and distribute them as such among its own stockholders, it was not "doing business" within the act and was not subject to the tax. .

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*

· For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

2. UNITED STATES (§ 130*)—SET-OFF—CLAIMS AGAINST GOVERNMENT—STATUTES.

Rev. St. § 951 (U. S. Comp. St. 1901, p. 695), allowing set-offs when claims have been presented to accounting officers against the United States, does not authorize a judgment for an excess against the government.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 118; Dec. Dig. § 130.*]

3. COURTS (§ 426*)—FEDERAL COURTS—JURISDICTION—COUNTERCLAIM AGAINST UNITED STATES.

Tucker Act March 3, 1887, c. 397, 24 Stat. 635 (U. S. Comp. St. 1901, p. 3635), giving to federal district courts jurisdiction over certain suits against the United States, refers to original suits, prescribing a procedure inconsistent with its use as the basis of a counterclaim, and does not permit a recovery of demands against the United States on counterclaims.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1131; Dec. Dig. § 426.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Nipissing Mines Company to recover a corporation tax. Judgment (202 Fed. 803) dismissing the complaint on the merits and awarding the defendant an affirmative judgment upon a counter claim in an action brought to recover a tax assessed under the Corporation Tax Law (Act Aug. 5, 1909, c. 6, 36 Stat. 112–117 [U. S. Comp. St. Supp. 1911, pp. 946–951]) the particularly relevant provision of which follows:

"That every corporation, joint stock company or association, organized for profit and having a capital stock represented by shares, and every insurance company, * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation, joint stock company or association. * * *" Section 38.

The defendant is a corporation organized under the laws of Maine and is the owner of all the shares of the capital stock of Nipissing Mining Company, Limited, a corporation under the laws of Canada. The defendant is called in the record the holding company and the Canadian corporation is called the operating company. The stock of the operating company constitutes "practically the sole assets of the holding company [the defendant] its only other assets being a small amount in bank, office furniture and trifling matters." The charter of the defendant is not printed in the record but there is nothing to show that it has ever done any other business than to receive dividends from the operating company and to distribute them as dividends among its own stockholders.

While the affairs of the defendant and the operating company are closely connected and they have officers in common there is nothing

in the record to warrant the ignoring of the distinct corporate existence of each corporation or the treating of them as doing any other business than that which they are actually shown to do.

Judgment dismissing the action affirmed, and judgment for defendant on the counter claim reversed.

Henry A. Wise, U. S. Atty., and A. S. Pratt and Frank M. Roosa, Asst. U. S. Attys., of New York City.

Green, Hurd & Stowell, of New York City, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The primary question in this case is whether the defendant corporation is "carrying on or doing business" within the meaning of the Corporation Tax Law. If it is not, it is not subject to the tax. In that case it is quite immaterial how its income should be determined. The judgment dismissing the complaint would be correct although the ground would be different.

In our opinion the very recent decision of the Supreme Court in McCoach v. Minehill, etc., R. Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. —— (decided April 7, 1913), is decisive of this case. In that case it was held that a railroad company which had leased its road to another corporation was not "doing business" as a railroad company notwithstanding that it received and distributed the rentals from its lease, maintained its organization and held itself ready to exercise its powers and franchise and to resume possession when entitled thereto. Certainly the Minehill Company did as much corporate business in respect of its railroad interests as the defendant did in respect of its stockholding interests. But if there were nothing more to the Minehill Case than that which has been outlined it might be possible to distinguish it upon the ground that the Corporation Tax Law does not contemplate double taxation in regard to the same business; the lessee company there being really the one "doing business" with respect to the leased road and subject to the tax—a situation not analogous to that existing in the present case. But the Minehill decision goes further. The Minehill Company in addition to its leased railroad had a considerable amount of personal assets in the form of investments from which it derived an annual income. This it kept on deposit and distributed to its stockholders in the form of dividends. No other corporation did anything with respect to these transactions and the question was whether they constituted "doing business" within the statute. The Supreme Court held, after reviewing its earlier decisions that "the receipt of income from property or investments by a company that is not engaged in business except the business of owning the property, maintaining the investments, collecting the income and dividing it among its stockholders" did not constitute "doing business" within the meaning of the law. The substance of the decision was that the receipt of the ordinary fruits incident to the ownership of property is not the doing of a corporate business.

That which the Minehill Company did with respect to its investments

206 F.—28

was what the defendant did. We are unable to see that it was engaged in any other business than that of owning property—shares in another corporation—collecting the dividends, and distributing its income among the stockholders. That is what the record shows and, as already stated, we see nothing to justify disregarding the distinct corporate existences. Nothing fraudulent is claimed and we see no distinction—so far as the purposes of this tax statute are concerned—between holding all the shares of one corporation and fewer shares of different corporations or between holding corporate shares and owning other personal property. If the operating company owes more taxes than it has paid presumably they can be collected from it.

[2, 3] For these reasons we are of the opinion that the complaint was properly dismissed upon the merits. The affirmative judgment against the United States upon the counter claim cannot, however, be permitted to stand. Section 951 of the Revised Statutes (U. S. Comp. St. 1901, p. 695) allows set-offs when claims have been presented to accounting officers, but this statute does not authorize a judgment for an excess against the government. United States v. Eckford, 6 Wall. 484, 18 L. Ed. 920. Moreover, in our opinion, the Tucker Act of 1887 which gives the District Courts jurisdiction over certain suits against the United States, is not broad enough to permit the recovery of demands upon counter claims. We think that that statute refers to original suits and prescribes procedure inconsistent with its use as the basis of a counter claim.

The judgment in so far as it directs a recovery against the United States is reversed; otherwise it is affirmed.