**678**

GRASKE et al. v. JOHNSON et al.

United States District Court
S. D. New York.
March 27, 1951.

Irving H. Saypol and John D. Kelly, New York City, for intervener.

Theodore W. and Lee W. Graske, in pro per.

BONDY, District Judge.

Motion by the United States, as inter- vener, to dismiss and strike from the plaintiffs' answer to the intervener's complaint a counterclaim against the United States for lack of jurisdiction.

Plaintiffs instituted action against Johnson, Collector of Internal Revenue for the Third District of New York, to recover an alleged overpayment of income tax for 1946 in the amount of $115.46. The United States was granted leave to intervene upon its claim for an alleged balance of income tax due for 1945 in the amount of $680.63. The plaintiffs' answer to the intervener's complaint, besides denying this liability, set forth a "compulsory counterclaim" for $29.- 97 as alleged overpayment on plaintiffs' income tax for 1945.

The United States heretofore moved to dismiss the counterclaim for failure to state a claim upon which relief can be granted. Fed. Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A. Although the question of the court's jurisdiction was argued, it does not appear that Judge Noonan, in denying the motion on November 10, 1950 intended to pass upon that point. The present motion followed.

Under Rule 12(b), as changed by the 1946 Amendments to Federal Rules of Civil Procedure, successive motions are no longer permitted, and all the defenses therein enumerated which a party desires to raise by way of motion must be consolidated. See 2 Moore, Federal Practice Sections 12.22, 12.23 and 12.23 n. 14 (2d ed., 1948). However, the court will treat the Government's motion as a suggestion, pursuant to Rule 12(h), that it lacks jurisdiction of the subject matter.

The precise question presented is whether the court has jurisdiction over a counterclaim against the United States which (1) seeks affirmative relief rather than merely a recoupment or credit, (2) embodies a claim on which the United States, by the Tucker Act, 28 U.S.C.A. § 1346, has consented to be sued in an original action in the District Courts, and (3) arises out of the same transaction as that on which the claim of the United States is based. See

Note, Governmental Immunity from Counterclaims, 50 Columbia L.Rev. 505 (1950); 3 Moore, op. cit., Sections 13.15, 13.26–13.31.

The authorities are in conflict. Holding that jurisdiction is lacking: United States v. Nipissing Mines Co., 2 Cir., 1913, 206 F. 431, certiorari dismissed on motion of petitioner, 1914, 234 U.S. 765, 34 S.Ct. 673, 58 L.Ed. 1582; United States v. Wissahickon Tool Works, Inc., D.C.S.D.N.Y. 1949, 84 F.Supp. 896; United States v. Pittsley, D.C.Mass., 1949, 86 F.Supp. 463; United States, for Use of Mutual Metal Mfg. Co. v. Biggs, D.C.E.D.Ill.1942, 46 F.Supp. 8 semble; cf. In re Monongahela Rye Liquors, Inc., 3 Cir., 1944, 141 F.2d 864. Holding that jurisdiction exists: United States v. Pure Oil Co., 7 Cir., 1943, 135 F.2d 578 (by implication); United States v. Schlitz, D.C.E.D.Va.1949, 9 F.R.D. 259; Cf. United States v. Stephanidis, D.C.E.D.N.Y.1930, 41 F.2d 958, affirmed 2 Cir., 1931, 47 F.2d 554, in which a counterclaim for more than $10,000., and thus in excess of the jurisdictional limitation of the Tucker Act, was allowed to be asserted defensively; United States to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co. of New York, D.C.E.D.N.Y. 1938, 25 F.Supp. 700, affirmed 2 Cir., 1944, 142 F.2d 726. See also 3 Moore. op. cit., Section 13.29, at 78–80; Note, Columbia L.Rev., supra, at 512–514 and n. 63.

In recent years, statutes waiving governmental immunity from suit have been more broadly and liberally interpreted. See United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399; Larson v. Domestic and Foreign Commerce Corp., 1949, 337 U.S. 682, 703–704, 69 S.Ct. 1457, 93 L.Ed. 1628; Note, Columbia L.Rev., supra, at 507; cf. United States v. Stephanidis, supra. The desirability of avoiding multiplicity of litigation, especially when both claims arise from the same transaction, seems obvious. See 3 Moore, loc. cit. Nor is it necessarily an objection that if a counterclaim of this type is allowed to be asserted, one claim may have to be tried by the court and the other by the jury. United States v. Schlitz, supra; cf. United States v. Yellow Cab Co., supra 340 U.S. at page 555–556, 71 S.Ct. at pages 406, 407; Sher-

wood v. United States, 2 Cir., 1940, 112 F.2d 587, 591.

 Notwithstanding these considerations, the court considers itself bound by the Nipissing Mines Case, supra, decided by the Second Circuit Court of Appeals in 1913, and indistinguishable from the case at bar. Cf. United States v. Wissahickon Tool Works, supra, 84 F.Supp. at page 902.

The counterclaim will accordingly be dismissed and stricken from the plaintiffs' answer to the intervener's complaint, with leave to plaintiffs, if so advised, to amend their answer so as to set forth a purely defensive counterclaim or recoupment.