**UNITED STATES v. LASHLEE et al.**

Civ. 500.

United States District Court
W. D. Arkansas, Hot Springs Division.
June 16, 1952.

R. S. Wilson, U. S. Atty., Ark., Hugh M. Bland, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

James C. Cole, Malvern, Ark., for defendant.

JOHN E. MILLER, District Judge.

The plaintiff filed this suit to recover from the defendant the sum of $8,592.52 with interest thereon for alleged overpayments to the defendant by plaintiff for services performed by defendant under certain contracts entered into by the defendant and the Veterans' Administration. The plaintiff alleges that the overpayment by it to the defendant was made on certain false and fraudulent statements of defendant as to the manner and method of the performance of the work provided for by the contracts.

The defendant filed a motion to make the complaint more definite and certain and, on February 15, 1952, the court granted the motion in certain particulars not necessary to here enumerate.

In accordance with the order of the court, the plaintiff filed an amendment to the complaint in which it set forth specifically the various items upon which it seeks a recovery.

To the amendment to the complaint the defendant filed his answer and counterclaim.

Subsequent to the filing of the answer and counterclaim, the defendant filed amendment thereto in which he alleges that the court has jurisdiction under Title 28 U.S.C.A. § 1346, to entertain the counterclaims alleged in Paragraphs 9 and 10 of the original answer and counterclaim.

The plaintiff has now filed a motion to dismiss the counterclaims on the ground that the court is without jurisdiction to hear and determine them.

"It is fundamental that the United States cannot be sued without its permission, and that permission must be specifically granted by Congress. It will not be implied. It is a deep-rooted principle in the fabric of all English speaking countries that a sovereign is immune from suits in its own courts." North Dakota-Montana Wheat Growers' Association v. United States, 8 Cir., 66 F.2d 573, 577, 92 A.L.R. 1484.

In Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190, the Court said:

"The objection to a suit against the United States is fundamental, whether it be in the form of an original action, or a set-off, or a counterclaim. Jurisdiction in either case does not exist, unless there is specific congressional authority for it. Nor is there doubt

that the question is one which involves the jurisdiction of the District Court as a federal court under the statutes of the United States, for the jurisdiction of the District. Court in this regard is wholly dependent on such statutes."

Rule 13(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"(d) Counterclaim Against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

Subdivisions (a) and (b) of Rule 13, supra, dealing with compulsory and permissive counterclaims, standing by themselves, would compel a defendant to counterclaim in certain cases and permit him to counterclaim in any other case against the United States, but Subdivision (d) above set forth qualifies Subdivisions (a) and (b) by limiting the right to assert a counterclaim or to claim credits.

■ It is often argued that when the sovereign sues, an affirmative judgment may be rendered against it on the claim that grows out of the subject matter of the sovereign suit, and that seems to be the rule in admiralty cases, United States v. Norwegian Barque "Thekla" (Luckenbach, S. S. Co. The Thekla) 266 U. S. 328, 45 S.Ct. 112, 69 L.Ed. 313, but that principle was squarely rejected by the court in United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, in civil suits brought by the United States.

After reviewing the arguments and the contentions, the court, at page 502 of 309 U.S., at page 662 of 60 S.Ct., said:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress. We, of course, intimate no opinion as to the desirability of further changes. That is immaterial. Against the background of complete immunity we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off."

See, also, United States v. United States Fidelity & Guaranty Company, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894.

■ By the institution of a civil action, the United States subjects itself to:

(1) A compulsory counterclaim asserting matter of recoupment, which arises out of the transaction or occurrence that is the subject matter of the sovereign suit, and is used to defeat or diminish recovery by the sovereign, but the institution of a suit does not warrant an affirmative judgment against the United States; and

(2) A set-off, which is a permissive counterclaim, to the extent that it is authorized under Title 28 U.S.C.A. § 2406, in the court where the set-off is pleaded. Whether the counterclaim is compulsory or permissive, it cannot be maintained against the sovereign except as a set-off unless it is predicated on a claim to which the United States has given its statutory consent to be sued in the court where the counterclaim is interposed and where this consent includes a counterclaim as distinguished from an original action against the sovereign. 3 Moore's Federal Practice, Second Ed., Sec. 13.28, pages 75, 76.

■ The defendant relies upon Title 28 U.S.C.A. § 1346(a)(2) to give the court jurisdiction to hear and determine the counterclaims asserted by him. The counterclaims do not exceed $10,000 and this court would have jurisdiction of an original suit but, because of the limitation of Rule 13(d), supra, and the failure of the Congress to provide for the assertion of a counterclaim against the United States, the court has no jurisdiction to entertain the counterclaims except as a credit under the provisions of Title 28 U.S.C.A. § 2406. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; North Dakota-Montana Wheat Growers' Association v. United States, supra.

■ Under the provisions of this section, no claim for credit will lie against the United States unless the claim has first been presented to and disallowed in whole or in part by the General Accounting Office or by proof by defendant of other facts to bring the claim within the enumerated ex-

ceptions of the statute. It is not necessary that the denial of the claim be pleaded, but the facts must be proven at the trial before consideration of the claim on the merits unless it falls within an exception, and parol evidence is inadmissible to prove presentation and denial. 3 Moore's Federal Practice, Second Ed., Sec. 13.26, pages 66, 68.

Therefore, that part of the answer and counterclaim of the defendant demanding an affirmative judgment against plaintiff should be stricken, without prejudice to the right of the defendant to assert the counterclaims as a set-off upon proof of the requisite facts required by Section 2406, supra, and an order in accordance herewith is being entered today.