UNITED STATES v. DOUBLE BEND
MFG. CO.

United States District Court
S. D. New York.

Sept. 1, 1953.

J. Edward Lumbard, U. S. Atty., for Southern District of New York, New York City, for plaintiff (Harold R. Tyler, Jr., Asst. U. S. Atty., New York City, of counsel).

Morton A. Shapiro, New York City, for defendant (Aaron Kohn, New York City, of counsel).

IRVING R. KAUFMAN, District Judge.

Plaintiff United States moves to dismiss a counterclaim in the defendant's answer on the grounds, first, that the court lacks jurisdiction to entertain the counterclaim, and second, that the counterclaim does not comply with the provisions of Title 28 U.S.C.A. § 2406.

The United States instituted this action to recover $4,069.80, the purchase price of goods alleged to have been sold to the defendant. The answer alleges, among other things, that the plaintiff breached the contract by shipping the goods to New York and seeks by way of counterclaim damages in the sum of $3,113.96, for costs of shipment of the material and for storage. The breach of contract by the government is interposed in the answer as a "Third and Partial Defense, Set-off and Counterclaim".

The question here is whether the court has jurisdiction over a counterclaim against the United States which (1) seeks affirmative relief rather than merely a recoupment or credit, (2) embodies a claim on which the United States, by the Tucker Act, 28 U.S.C.A. § 1346(a) (2), has consented to be sued in an original action in the District Courts, and (3) arises out of the same transaction as that in which the claim of the United States is based. The same question has been raised before. Graske v. Johnson, D.C.S.D.N.Y.1951, 97 F.Supp. 678; United States v. Silverton, 1 Cir., 1952, 200 F.2d 824. See also Note, Government Immunity from Counterclaim, 50 Columbia L.Rev. 505 (1950); 3 Moore, Federal Practice, Sections 13.15, 13.26—13.31.

■ The authorities are in conflict. See Graske v. Johnson, supra. But I believe the correct rule in this jurisdiction to be that stated in United States v. Nipissing Mines Co., 2 Cir., 1913, 206 F. 431, 434:

"[I]n our opinion, the Tucker Act of 1887 which gives the District Courts jurisdiction over certain suits against the United States, is not broad enough to permit the recovery of demands upon counter claims. We think that that statute refers to original suits and prescribes procedures inconsistent with its use as the basis of a counter claim."

■ In recent years, a more liberal view has often been adopted toward statutes such as the Federal Tort Claims Act, which in certain cases waive governmental immunity from suit. United States v. Capital Transit Co., D.C.D.C.1952, 108 F.Supp. 348; United States v. Harms, D.C.Colo.

751

1951, 96 F.Supp. 1022. See also United States v. Silverton, supra, 200 F.2d at page 827. But it is a settled rule that sovereign immunity is waived only to the extent that Congress had directed. United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. In deciding whether a counterclaim could be set up against the United States in a contract action, the Supreme Court in the Shaw case, while failing to rule on the specific question here presented, said that "We find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off." United States v. Shaw, supra, 309 U.S. at page 502, 60 S.Ct. at page 662. While there may be found in the history of the Federal Tort Claims Act justification for allowing certain counterclaims against the United States, this Court will not at this date read into the Tucker Act a similar authorization.

The Tucker Act gave persons having certain specified claims against the United States the right to sue in a Federal District Court "oftentimes said to be sitting as a court of claims". 3 Moore, Opp.Cit. § 1329, p. 76. Although the United States may therefore be subject to direct suit in the District Court, under the Tucker Act, it does not necessarily follow that an individual can assert a counterclaim there, since the court in which the United States brings suit is not "sitting as a court of claims" under the statutory authority to render an affirmative judgment against the government. See United States for Use of Mutual Metal Mfg. Co. v. Biggs, D.C. E.D.Ill.1942, 46 F.Supp. 8 and Note, Columbia L.Rev. supra, at 514.

Subdivision (c) of Title 28 U.S.C.A. § 1346 provides:

"The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."

There is, however, no reciprocal provision authorizing a counterclaim against the United States when the United States is a plaintiff. United States v. Wissahickon Tool Works, Inc., D.C.S.D.N.Y.1949, 84 F. Supp. 896.

The motion to dismiss the counterclaim is granted on the first ground raised by the plaintiff and it is therefore unnecessary to consider whether the counterclaim complies with the provisions of Title 28, U.S. C.A. § 2406. The defendant may have leave, however, if so advised, to amend its answer so as to set forth the allegations contained in paragraphs 6 to 14 in its answer as a partial defense or set-off.

Settle order.