**UNITED STATES of America,**
**Plaintiff,**

v.

**ANASAE INTERNATIONAL CORPO-**
**RATION, Defendant.**

United States District Court
S. D. New York.
June 22, 1961.

The complaint further states that Commodity entered into a contract with defendant on September 18, 1959, for the sale of 92,527 sacks of small red beans. As appears from the complaint, various adjustments were made in connection with this sale. The government in substance contends that Commodity made an overpayment on such adjustments in the amount of $9,914.03, and now seeks to recover said amount, which defendant has failed and refused to pay.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for plaintiff, Robert E. Scher, Asst. U. S. Atty., New York City, of counsel.

Edward Nathan, New York City, for defendant, Arthur L. Diamond, New York City, of counsel.

LEVET, District Judge.

Two motions are involved in connection with the above-entitled action:

1. The defendant, Anasae International Corporation (hereinafter "Anasae"), moves to dismiss the action on the ground that the plaintiff, United States of America, is not the real party in interest and that the Commodity Credit Corporation (hereinafter "Commodity") is an indispensable party to this action, or, in the alternative, for an order directing that Commodity be made a plaintiff or a defendant herein as provided in Rule 19(a) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

2. The government in turn moves for an order pursuant to Rule 12(b) (1) and (6) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., dismissing the defendant's counterclaims on the ground that this court lacks jurisdiction of the subject matter of these counterclaims and on the additional ground that they fail to state a claim upon which relief can be granted.

Plaintiff instituted this action pursuant to the provisions of 15 U.S.C.A. § 714b (c), and seeks to recover the sum of $9,914.03 alleged to have been erroneously refunded by Commodity to Anasae in October 1959.

Congress created Commodity as "an agency and instrumentality of the United States." 15 U.S.C.A. § 714. It appears that Commodity is a wholly-owned agency of the United States. See 15 U.S.C.A. § 714e; Rainwater v. United States, 1958, 356 U.S. 590, 591, 78 S.Ct. 946, 2 L.Ed.2d 996.

It is well settled that when the United States acts through the instrumentality or agency of a wholly-owned corporation it may sue in its own name to protect its interests, without the joinder of the corporation. See Insurance Co. of North America v. United States, 4 Cir., 1947, 159 F.2d 699, 702; United States v. McCabe Co., 8 Cir., 1958, 261 F.2d 539, 543–544; United States v. DeQueen & Eastern Railroad Co., 8 Cir., 1959, 271 F.2d 597, 599; United States v. Utica Meat Company, Inc., D.C.N.D.N.Y.1955, 135 F.Supp. 834.

In Insurance Co. of North America v. United States, supra, 159 F.2d 699, 702, Circuit Judge Parker wrote:

"We have considered the motion that Commodity be made a party to the action; but in the light of the authorities we do not consider this necessary. It seems well settled that, when the United States acts through the agency of a wholly owned corporation, it may sue in its own name for the protection of its interests, without the joinder of the corporation. United States v. Czarnikow-Rionda Co., 2 Cir., 40 F.2d 214; Russell Wheel & Foundry Co. v. United States, 6 Cir., 31 F.2d 826; United States v. Skinner & Eddy Corpora-

tion, D.C., 5 F.2d 708; cf. Erickson v. United States, 264 U.S. 246, 44 S.Ct. 310, 68 L.Ed. 661; Clallam County (Wash.) v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328."

Accordingly, defendant's motion to dismiss upon the ground that plaintiff is not a real party in interest and that Commodity is an indispensable party must be denied. Consequently, the alternative relief, to wit, that Commodity be made a party plaintiff herein, or, in the alternative, a party defendant, is inappropriate and must also be denied.

In its answer, Anasae sets forth three counterclaims:

The *first counterclaim* seeks damages of $307,359.06 for an alleged breach of warranty with respect to the beans defendant purchased from Commodity on the ground that the beans were not fit for human consumption.

The *second counterclaim* is based upon investigations in Brazil which, Anasae contends, grew out of the condition of the beans sought to be imported by the defendant into that country, which allegedly caused damage to the defendant's reputation in Brazil to the extent of $250,000.

The *third counterclaim* is predicated upon the alleged unlawful blacklisting of the defendant and its suspension from participating in any programs of Commodity and other government agencies. Defendant here claims damages to its reputation in the sum of $250,000.

The government contends that this court has no jurisdiction to entertain the first counterclaim upon the ground that there is no basis for contract actions against the government in the district courts where a private litigant claims an amount above $10,000. As to the second and third counterclaims, the government maintains that they fail to state claims upon which relief can be granted and, furthermore, that there is no jurisdiction in this court to adjudicate the merits of these counterclaims.

The applicable statutes with respect to actions and counterclaims against the United States are as follows:

Rule 13(d), Federal Rules of Civil Procedure, Title 28 U.S.C.A.:

*"Counterclaim Against the United States.* These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

Section 714b(c) of Title 15 U.S.C.A.:

" * * * The district courts of the United States, including the district courts of any Territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation: *Provided,* That the Corporation may intervene in any court in any suit, action, or proceeding in which it has an interest. Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business. No suit by or against the Corporation shall be allowed unless (1) it shall have been brought within six years after the right accrued on which suit is brought, or (2) in the event that the person bringing such suit shall have been under legal disability or beyond the seas at the time the right accrued, the suit shall have been brought within three years after the disability shall have ceased or within six years after the right accrued on which suit is brought, whichever period is longer. The defendant in any suit by or against the Corporation may plead, by way of set-off or counterclaim, any cause of action, whether arising out of the same transaction or not, which would otherwise be barred by such limitation if the claim upon which the defendant's cause of action is based had not been barred prior to the date that the plaintiff's cause of action arose: *Provided,* That the defendant shall not be awarded a judgment on any such set-off or counterclaim for any amount in excess of the amount

of the plaintiff's claim established in the suit. All suits against the Corporation shall be tried by the court without a jury. Notwithstanding any other provision of sections 714–714o of this title, the Federal Tort Claims Act shall be applicable to the Corporation. Any suit by or against the United States as the real party in interest based upon any claim by or against the Corporaiton shall be subject to the provisions of the subsection (c) of this section to the same extent as though such suit were by or against the Corporation, except that (1) any such suit against the United States based upon any claim of the type enumerated in section 1491 of Title 28, may be brought in the United States Court of Claims, and (2) no such suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of sections 714–714o of this title, be brought in such court."

Section 1346 of Title 28 U.S.C.A.:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

"(b) Subject to the provisions of chapter 171 of this title, the district courts \* \* \* shall have exclusive jurisdiction of civil actions on claims against the United States \* \* \* for injury or loss of property \* \* \* caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment \* \* \* ."

Federal Tort Claims Act, Section 2680 of Title 28 U.S.C.A.:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

"(h) Any claim arising out of \* \* \* libel, slander, misrepresentation \* \* \* or interference with contract rights.

\* \* \* \* \* \*

"(k) Any claim arising in a foreign country."

Although Section 714b(c) vests the federal district courts with exclusive jurisdiction, regardless of the amount in controversy, of all suits brought by or against Commodity, this broad grant is somewhat circumscribed where suit is brought by or against the United States as the real party in interest. In such a case, "no \* \* \* suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of sections 714–714o of this title, be brought in such court." It would thus appear that in considering the provisions of Section 714b (c), reference must be made to the jurisdictional limitations set forth in Section 1346, Title 28 U.S.C.A.

The limitations of the Tucker Act, delineated in Section 1346, Title 28 U.S. C.A., seem to apply to counterclaims against the United States as well as to original suits. United States v. Nipissing Mines Co., 2 Cir., 1913, 206 F. 431, 434; United States v. Wissahickon Tool Works, Inc., D.C.S.D.N.Y.1949, 84 F. Supp. 896, 902; United States v. Double Bend Mfg. Co., D.C.S.D.N.Y.1953, 114 F. Supp. 750; United States v. Zashin, D.C. E.D.N.Y.1958, 160 F.Supp. 843, 844. See generally, 25 Geo.Wash.L.Rev. 315 (1957).

In the Wissahickon case, supra, 84 F. Supp. at page 902, the court declared:

"It is, of course, fundamental that the United States may be sued only to the extent that it has consented to be sued, and that this limitation applies as well to counterclaims as it

does to original suits. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Nassau Smelting [& Refining] Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190. The only statute concerning the jurisdiction of the District Courts to entertain counterclaims affecting the United States is 28 U.S.C.A. § 1346, which defines the jurisdiction of the District Courts in actions against the United States. Subdivision (c) of that section provides:

" 'The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.'

"There is no reciprocal provision authorizing counterclaims against the United States in actions in which the United States is plaintiff, and it appears to be settled that although a claim may be of such a character that an original suit might be brought on it against the United States, the provisions authorizing such a suit are not broad enough to authorize the assertion of the claim as a counterclaim in so far as it seeks to recover an affirmative judgment against the United States. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; see United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; United States, for Use of Mutual [Metal] Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8; 3 Moore's Federal Practice (2d Ed.) § 13.29. The motions to strike the counterclaims are to that extent granted. However, in view of the fact that the pleadings allege compliance with the provisions of 26 U.S.C.A. § 3772, and the demands asserted are of the character of which this court would have jurisdiction in original suits, they are properly asserted here to the extent of set-offs, and the motions to strike them as such are denied. United States v. Nipissing Mines, supra; 28 U.S.C.A. § 2406; see 3 Moore's Federal Practice (2d Ed.) § 13.30."

■ Accordingly, the government's motion to dismiss the first counterclaim as such is granted, but without prejudice to defendant's right to assert a set-off by way of amended answer, if it so elects, up to the amount of the claim set forth in the government's complaint. See United States v. Zashin, supra, 160 F. Supp. at page 844; United States v. Wissahickon Tool Works, Inc., supra, 84 F. Supp. at page 902.

■ The second counterclaim appears to sound in tort. Actually, it may be libel or slander, misrepresentation, or some other alleged claim, possibly interference with contract rights.

In any event, jurisdiction is lacking, for the possible tort involved is not among those from which Congress has removed the cloak of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C.A. § 2680(h). See Dupree v. United States, 3 Cir., 1959, 264 F.2d 140, rehearing denied 1959, 266 F.2d 373, certiorari denied 1959, 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (interference with contract rights); Anglo-American and Overseas Corporation v. United States, 2 Cir., 1957, 242 F.2d 236 (negligent misrepresentation); Jones v. United States, 2 Cir., 1953, 207 F.2d 563, certiorari denied 1954, 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075 (negligent and wilful misrepresentation). See also United States v. Buffalo Coal Mining Co., D.C.Alaska, 3 Div., Anchorage, 1959, 170 F.Supp. 727, 730–731.

Jurisdictional basis is further lacking since the acts complained of in the second counterclaim apparently occurred without the United States, namely, in Brazil. 28 U.S.C.A. § 2680(k). See United States v. Spelar, 1949, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3; Callas v. United States, 2 Cir., 1958, 253 F.2d 838, certiorari denied 1958, 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550.

Consequently, the second counterclaim must be dismissed since this court has no jurisdiction to determine the same.

█ The third counterclaim is similar to the tortious conduct alleged in the second counterclaim, and for the same reasons must likewise be dismissed.

Settle order on notice.