**UNITED STATES of America,**
**Plaintiff,**

v.

**CAREY TERMINAL CORPORATION**
**and Peerless Oil and Chemical**
**Corporation, Defendants.**

**Civ. 62–C–431.**

United States District Court
E. D. New York.

Oct. 11, 1962.

Joseph P. Hoey, U. S. Atty., E. D. New York, for plaintiff; Martin R. Pollner, Asst. U. S. Atty., of counsel.

Buell, Clifton & Turner, New York City, for defendants.

ZAVATT, Chief Judge.

The complaint in this action alleges that on September 29, 1958 the Government filed a libel of information against certain real property; that subsequently the defendants agreed with the plaintiff and others to purchase the property from the owner; that defendants subsequently breached the contract; that as a result of such breach the mortgagees foreclosed their mortgage on the property and the res of plaintiff's forfeiture action was lost; that as a result the Government has suffered damage in the sum of $9,000. The answer of defendant Carey Terminal Corporation sets forth some 17 defenses, and, in addition, asserts a counterclaim against the Government in the amount of $10,000, allegedly based upon plaintiff's breach of the agreement to sell said property to the defendant in that it was not able to convey a good and marketable title.

The Government now moves pursuant to Rule 12(b)(1), (2) and (6) of the Rules of Civil Procedure, 28 U.S.C.A., to dismiss the defendant's counterclaim on the ground that this court lacks jurisdiction. Plaintiff contends that the Tucker Act, 28 U.S.C. 1346(a) (2), which provides that:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\*   \*   \*   \*   \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded \* \* \* upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

authorized only original actions on the subjects mentioned therein. The defendant contends that the Tucker Act waiver of sovereign immunity extends to counterclaims as well as to original actions. If, however, the court orders dismissal of its counterclaim, the defendant seeks leave to amend its answer, pursuant to Rule 15 of the Federal Rules of Civil Procedure, so as to assert its claim against the Government as a set-off.

It is fundamental, of course, that without statutory consent no suit may be brought against the United States. Where suits against the United States are authorized they are allowed only in the designated forum and only to the extent that the United States has consented to be sued. These limitations apply to counterclaims as well as to original suits. Thus the United States does not, merely by filing its complaint, consent to be sued on a counterclaim based upon a cause of action on which it had not otherwise given its consent to be

sued. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

■ The counterclaim in the instant case is not authorized under 28 U.S.C. § 2406,[1] which deals only with credits against the United States since the defendant here seeks not a credit against the claim of the United States but recovery of an affirmative judgment. United States v. Shaw, supra. For the same reason, it may not be asserted as matter of recoupment. United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); United States v. Wessel, Duval & Co., 115 F.Supp. 678 (S.D.N.Y.1953); United States v. Lashlee, 105 F.Supp. 184 (W.D. Ark.1952); see Note, 50 Colum.L.Rev. 505, 509–10 (1950).

■ In this Circuit the rule appears to have been firmly established that district courts are without jurisdiction over counterclaims against the United States on matters concerning which the defendant might have brought an original action under the Tucker Act. This doctrine was originally expressed in United States v. Nipissing Mines Co., 206 F. 431 (2d Cir.1913), in which the court stated:

"The affirmative judgment against the United States upon the counter claim cannot, however, be permitted to stand. * * * in our opinion, the Tucker Act of 1887 which gives the District Courts jurisdiction over certain suits against the United States, is not broad enough to permit the recovery of demands upon counter claims. We think that that statute refers to original suits and prescribes procedure inconsistent with its use as the basis of a counter claim." (206 F. at 434).

A more detailed statement of the basis of this view was given in United States v. Wissahickon Tool Works, 84 F.Supp.

896 (S.D.N.Y.1949), aff'd 200 F.2d 936, 939 (2d Cir.1952):

"The only statute concerning the jurisdiction of the District Courts to entertain counterclaims affecting the United States is 28 U.S.C.A. § 1346, which defines the jurisdiction of the District Courts in actions against the United States. Subdivision (c) of that section provides:

"'The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.'

"There is no reciprocal provision authorizing counterclaims against the United States in actions in which the United States is plaintiff, and it appears to be settled that although a claim may be of such a character that an original suit might be brought on it against the United States, the provisions authorizing such a suit are not broad enough to authorize the assertion of the claim as a counterclaim in so far as it seeks to recover an affirmative judgment against the United States. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; see United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; United States, for use of Mutual Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8; 3 Moore's Federal Practice § 13.29. The motions to strike the counterclaims are to that extent granted."

Other reasons for the interpretation given 28 U.S.C. § 1346(a)(2) in this Circuit have also been advanced. In

---

1. 28 U.S.C. § 2406 provides: "In an action by the United States against an individual, evidence supporting the defendant's claim for a credit shall not be admitted unless he first proves that such claim has been disallowed, in whole or in part, by the General Accounting Office, or that he has, at the time of the trial, obtained possession of vouchers not previously procurable and has been prevented from presenting such claim to the General Accounting Office by absence from the United States or unavoidable accident."

United States v. Double End Mfg. Co., 114 F.Supp. 750 (S.D.N.Y.1953) the court found support for its position in United States v. Shaw, supra, in which the Supreme Court, while not ruling on the point at issue, stated:

"Against the background of complete immunity, we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set off." (309 U.S. at 502, 60 S.Ct. at 662).

However, the Court in the Shaw case was dealing with the allowability of a contractual counterclaim against the United States in a state court proceeding. It did not pass upon jurisdiction of District Courts under the Tucker Act.

■ It has also been asserted that, under the Tucker Act, the district court is often said to be sitting as a court of claims. However, this does not necessarily mean that an individual may assert a counterclaim against the Government, since the forum in which the United States brings suit does not sit as a court of claims with statutory authority to render an affirmative judgment against the United States. United States v. Double End Mfg. Co., supra; see Note, 50 Colum.L.Rev. 514 (1950). This appears to flow from the primary conclusion that the Tucker Act does not waive the sovereign immunity of the United States on counterclaims which properly could be asserted in an original action.

Whatever the basis for the doctrine, it has been adhered to in this Circuit almost without exception. United States v. Anasae International Corp., 197 F. Supp. 926 (S.D.N.Y.1961); United States v. Zashin, 160 F.Supp. 843 (E.D. N.Y.1958); United States v. Double End Mfg. Co., supra; United States v. Wessel, Duval & Co., 115 F.Supp. 678 (S.D.N.Y. 1953); Graske v. Johnson, 97 F.Supp.

678, 679 (S.D.N.Y.1951); United States v. Wissahickon Tool Works, supra; cf. United States v. Lennox Metal Mfg. Co., 131 F.Supp. 717 (E.D.N.Y.1954), aff'd 225 F.2d 302 (2d Cir. 1955). Compare United States v. Stephanidis, 41 F.2d 958 (E.D.N.Y.1930), aff'd 47 F.2d 554 (2d Cir.1931) (counterclaim in excess of $10,000 allowed against the Government; consistent with a theory of recoupment). There is also some support for the restrictive view of 28 U.S.C. § 1346 expressed outside of this Circuit. See United States v. Boris, 122 F.Supp. 936 (E.D.Pa.1954); United States v. Joseph Behr & Sons, Inc., 110 F.Supp. 286, 287 (N.D.Ill.1953); United States v. Lashlee, 105 F.Supp. 184 (W.D.Ark.1952).[2] In deciding this matter the court finds itself in harmony with the views expressed in Graske v. Johnson, 97 F.Supp. 678, 679 (S.D.N.Y.1951):

"In recent years statutes waiving governmental immunity from suit have been more broadly and liberally interpreted. * * * The desirability of avoiding multiplicity of litigation, especially when both claims arise from the same transaction, seems obvious. * * * Nor is it necessarily an objection that if a counterclaim of this type is allowed to be asserted, one claim may have to be tried by the court and the other by the jury. * * *

"Notwithstanding these considerations, the court considers itself bound by the Nipissing Mines case, supra, decided by the Second Circuit Court of Appeals in 1913, and indistinguishable from the case at bar. Cf. United States v. Wissahickon Tool Works, supra, 84 F.Supp. at page 902."

The counterclaim will accordingly be dismissed. Defendant's cross motion for leave to amend its answer to set forth a

---

2. In several other circuits such counterclaims are allowed if they could be the subject of an original action under the Tucker Act. See United States v. Springfield, 276 F.2d 798 (5th Cir. 1960); Thompson v. United States, 250 F.2d 43

(4th Cir. 1957); United States v. Silverton, 200 F.2d 824 (1st Cir. 1952); United States v. Rudis, 178 F.Supp. 864 (N.D. Ill.1959); See United States v. Martin, 267 F.2d 764 (10th Cir. 1959).

purely defensive set-off or recoupment in an amount not to exceed the amount of the plaintiff's claim is granted.

Settle an order on or before ten days from the date hereof.