**UNITED STATES of America,
Plaintiff,**

v.

**Sherwood M. SUMM, Jeanne F. Summ, Sumco Engineering, Inc., Paul J. Christner, Jr., and Ellis Leonidas Merritt, Defendants.**

**Civ. A. No. 918-67.**

United States District Court
D. New Jersey.

April 3, 1968.

David M. Satz, Jr., U. S. Atty., by Thomas J. Alworth, Asst. U. S. Atty., for United States.

Milton, Keane & DeBona, by Prospero DeBona, Jersey City, N. J., for defendant, Sumco Engineering, Inc., Henry

Byrne, Jersey City, N. J., Shea, Gallop, Climenko & Gould, New York City, by Ralph Ellis, New York City, of counsel.

## OPINION

COOLAHAN, District Judge:

The present action raises the difficult question of whether the Tucker Act, 28 U.S.C. § 1346, which permits contract-based suits against the federal government for less than $10,000,[1] also permits counterclaims against the Government which seek recovery of not more than $10,000 in excess of the judgment sought by the Government, in contravention of the common law rule—based on the doctrine of sovereign immunity—that counterclaims against the Government may only be asserted for the limited purposes of defeating or diminishing the recovery sought by the Government on its own claim. The National Aeronautics and Space Administration (hereinafter referred to as N.A.S.A.), an agency of the United States, entered into a contract with Sumco Engineering, Inc., one of the named defendants in this action (hereinafter referred to as Sumco), whereby the latter undertook to chemically clean certain Government equipment and facilities. The contract became effective on July 1, 1961 for a period of one year, but was extended on June 29, 1962 to run until August 31, 1962. In August of 1962, the contract was renewed for an additional year.

On September 1, 1967, the United States brought suit against Sumco and four other defendants, alleging that between October of 1961 and September of 1963, Sumco received payment in satisfaction of certain fraudulent claims relating to labor and materials which it

had furnished to N.A.S.A. The four count complaint stated that the defendants presented these claims to N.A.S.A. for approval and payment with knowledge that the claims had overstated quantities of materials used and man hours of work performed. Judgment in an unspecified amount was demanded jointly and severally against three of the defendants on the first three counts and against all five of the defendants on the fourth count.

One of the defendants, Ellis Leonidas Merritt, then moved to dismiss the complant for lack of personal and subject matter jurisdiction, insufficiency of service of process, improper venue, and for failure to state a claim upon which relief could be granted. The remainder of the defendants filed answers denying all allegations of fraud. In addition, Sumco filed a two count counterclaim against the United States. The first count alleged that, during the performance by Sumco of the contract referred to above, certain claims for labor and materials were presented to N.A.S.A. for payment, and that these claims were denied and unpaid. Judgment on this count for breach of contract was demanded in the amount of $129,029.87. The second count alleged that, pursuant to the same contract, Sumco had supplied labor and materials in connection with the transporting of certain equipment, for which it had not been compensated. It was claimed that the Government had thus been unjustly enriched at Sumco's expense in the amount of $158,849.87, and judgment was demanded for the same.

The Government now moves to dismiss the counterclaim on the ground that this court lacks the requisite juris-

1. This statute provides as follows:
 (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 * * * * *
 (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

diction to entertain it.[2] It is the contention of the Government that while the Tucker Act authorizes federal district courts to entertain contract suits up to an amount of $10,000 against the United States, such suits can only be maintained by way of original suit and not by way of counterclaim. In this connection, the Government urges that the language of 28 U.S.C. § 1346(a) (2), which provides the jurisdictional basis for independent suits against the United States arising out of contract, in abrogation of the common law doctrine of sovereign immunity, does not specifically encompass the jurisdiction to entertain counterclaims. Since specific statutory consent to assert counterclaims against the Government is absent from the Tucker Act, the Government claims that it is immune from suit by Sumco in the present action. Additionally, the Government points out that while 28 U.S.C. § 1346(c) authorizes district courts to entertain counterclaims asserted *by* the Government, no similar provision exists in the Act whereby counterclaims may be asserted *against* the Government.[3] The thrust of the Government's motion thus boils down to its insistence on the application of the traditional rule that no counterclaim seeking an affirmative judgment against the United States may be maintained unless it has given specific statutory consent to be sued in a court in which the counterclaim is asserted, provided that such consent also includes suit by way of counterclaim as distinguished from suit by way of an original action. Sumco argues that the court has jurisdiction under the Tucker Act to award affirmative relief in its behalf against the Government on its counterclaim so long as the recovery against the Government does not exceed $10,000. For the reasons stated, which follow, the court rules that the motion to dismiss the counterclaim should be denied and leave granted to Sumco to amend its prayer for relief in accordance with this opinion.

The limits within which a counterclaim may be asserted against the United States appear to be, as of the present date, unsettled. The guiding principles indicate that the Government's motion to dismiss Sumco's counterclaim raises two separate problems: a) Does the court have jurisdiction to entertain a demand for recoupment? b) Does the court have jurisdiction to entertain a demand for affirmative relief? These questions should be considered individually.

 It is the court's view that it does have jurisdiction to entertain a demand for recoupment. In the companion cases of United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940), and United States v. United States Fid. & Guar. Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940), the United States Supreme Court clearly determined that the United States, by filing suit against a party, subjects itself to compulsory counterclaims which do not exceed the amount of the Government's own claim. The Government apparently objects to the application of the rule of these cases to the facts of the present case on the ground that Sumco's counterclaim is not conditioned on whether the United States prevails on its own claim, as is illustrated by the fact that both counts of the counterclaim demand judgment of a specific sum. The court, however, is unwilling to attribute such a literal meaning to the pleadings. The significant feature of

---

**2.** Since the proposed counterclaim arises out of the same contract which is the subject matter of the plaintiff's complaint, it is of course compulsory under Rule 13(a) of the Federal Rules of Civil Procedure and would be barred in the future if not asserted in the present action. An exception to this rule exists, however, where the compulsory counterclaim in question is asserted against the Government, and is one over which the court has no jurisdiction. See Rule 13(d), F.R.C.P.

**3.** Section 1346(c) provides as follows:
The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

a demand for recoupment is that it arises out of the same transaction which is the subject matter of the plaintiff's complaint and has as its objective the defeat of the plaintiff's action. In the court's view, Sumco's counterclaim substantially meets these requirements; the fact that its demand forms the basis of a claim for independent relief or that it asks for judgment of a specific sum of money is not fatal and does not require its dismissal. In this connection, it should be pointed out that under Rule 8(c) of the Federal Rules of Civil Procedure, the court could treat the defendant's pleading as a claim for recoupment.[4] In view of the discussion which follows below, however, this will be unnecessary.

■ Whether Sumco should also be permitted an affirmative recovery on its counterclaim of an amount up to $10,000 is a more difficult question. The United States Supreme Court has not yet considered the problem, and as a result there is a conflict among the courts of appeals on this issue. The Government relies heavily on the traditional rule expressed by the Second Circuit in the case of United States v. Nipissing Mines Co., 206 F. 431 (2nd Cir. 1913), cert. denied, 234 U.S. 765, 34 S.Ct. 673, 58 L.Ed. 1582 (1914), which in effect held that no affirmative relief may be recovered on a counterclaim against the United States under the provisions of the Tucker Act.[5] The court is of the opinion, however, for a number of reasons, that the more recent decision in United States v. Silverton, 200 F.2d 824, 827 (1st Cir. 1952), is more persuasive. First, as was stated by the court in that case:

It is conceded by the Government that the defendant in this case could have brought an original action in the court below against the United States for breach of contract, under the Tucker Act. * * * It would be the emptiest

technicality to hold that the same jurisdiction could not be invoked by way of counterclaim in the action already brought by the United States.

It should also be pointed out that the rule called for by the *Nipissing* case would merely create the familiar problem of multiple litigation, a condition which, under the circumstances of the present case, is wholly unnecessary. Equally important is the fact that the trend of recent judicial opinion indicates a reversal of the strict view forbidding counterclaims against the United States. Thus, in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951), the Supreme Court held that a party defendant could implead the United States for contribution as a joint tortfeasor under the Federal Tort Claims Act. Later cases, despite the absence of express statutory authority, have also permitted counterclaims to be asserted against the federal government under the same statute. See, e. g., United States v. Rosati, 97 F.Supp. 747 (D.N.J.1951). And, as was adverted to earlier, a number of cases have held that the Tucker Act confers jurisdiction upon federal district courts to entertain affirmative counterclaims against the United States. See United States v. Springfield, 276 F. 2d 798 (5th Cir. 1960); United States v. Martin, 267 F.2d 764 (10th Cir. 1959). It is the court's view that this line of authority, as contrasted with the *Nipissing* rule, affords a much more practical framework for the litigation of claims by private parties against the United States.

Plaintiff contends, however, that the *Nipissing* rule was adopted by the United States Court of Appeals for the Third Circuit in United States v. Failla, 120 F.Supp. 797 (D.N.J.), aff'd 219 F.2d 212 (3rd Cir. 1954), and that consequently its motion to dismiss the defendant's counterclaim should be granted. The court is unable to accept this contention.

---

4. This section provides in pertinent part:
 When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

5. Cf. United States v. Frank, 207 F.Supp. 216 (S.D.N.Y.1962).

A careful reading of the *Failla* case reveals that the district court's refusal to entertain a counterclaim against the United States was affirmed by the Court of Appeals on the narrow ground that the defendants failed to exhaust certain administrative remedies, which, under the applicable statute, was a condition precedent to obtaining any relief from the courts.

The plaintiff's motion is therefore denied, with leave granted to the defendant to amend its counterclaim to conform with 28 U.S.C. § 1346(a) (2).

Let an appropriate order be submitted.