**UNITED STATES of America,
Plaintiff,**

v.

**Charles D. HOLDER and W. June
Holder, Defendants.**

**Civ. No. 8–2209–C–1.**

United States District Court
S. D. Iowa, C. D.
Nov. 20, 1968.

James P. Rielly, U. S. Atty., for plaintiff.

Lee Gaudineer, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court on the motion of plaintiff, United States of America, to dismiss the counterclaim

interposed herein by the defendants. Defendants have responded to said motion, and both parties have provided the Court with briefs.

In simple terms this is a controversy between adjoining landowners. The defendants are record titleholders of a lot which was conveyed to them by warranty deed executed by the Federal Housing Administration, an agency of the plaintiff. The adjoining lot is owned by the plaintiff, through its officer J. S. Gleason, Jr., as Administrator of Veterans Affairs, although there is presently outstanding on said lot a contract for sale. A controversy has arisen between these adjoining landowners over the water and sewer lines which cross defendants' lot in order to reach and service the lot owned by plaintiff. Plaintiff asks that an easement over defendants' lot for the sewer and water lines be established as a matter of record and that the defendants be permanently enjoined from interfering with the sewer and water lines. Defendants deny the existence of such easement and ask that title be quieted in them. By way of counterclaim defendants in essence seek damages in the amount of $5,000 for breach of the warranty deed executed by the Federal Housing Administration if the plaintiff is successful in obtaining the easement.

Plaintiff has moved to dismiss said counterclaim on the ground that it seeks an affirmative judgment against the plaintiff, United States of America, which has not consented thereto and therefore this Court lacks jurisdiction to entertain the counterclaim. Defendants contend jurisdiction is conferred on this Court by 12 U.S.C.A. § 1702 and 28 U.S.C.A. § 1346(a) (2).

▪ It is fundamental, of course, that without statutory consent no suit may be brought against the United States. Where suits against the United States are authorized they are allowed only in the designated forum and only to the extent that the United States has consented to be sued. These limitations apply to counterclaims as well as to original suits. Thus the United States does not, merely by filing its complaint, consent to be sued on a counterclaim based upon a cause of action on which it had not otherwise given its consent to be sued. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

▪ It is true, as argued by defendants, that the claim of defendants is a compulsory counterclaim within the meaning of Rule 13(a), Federal Rules of Civil Procedure. The counterclaim herein obviously "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction." This, however, in no way disposes of the question of jurisdiction, because Rule 13(d) provides:

"Counterclaim against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

This limitation on counterclaims has generally led the courts to hold as stated in Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967):

"Our conclusion is that when the sovereign sues it waives immunity as to the claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; * * *"

See also United States v. Lashlee, 105 F.Supp. 184 (W.D.Ark.1952). The counterclaim of defendants herein, although compulsory, is of a different nature than the original claim of the Gov-

ernment, and therefore cannot be utilized as a set-off or in recoupment. Under the circumstances of this case the counterclaim must be considered as seeking an affirmative judgment against the Government and thereby requires a waiver of immunity to confer jurisdiction on this Court. The Court, therefore, must determine whether an independent basis for jurisdiction of the counterclaim exists in the present case.

■ Defendants rely on 12 U.S.C.A. § 1702 and 28 U.S.C.A. § 1346 as statutory waivers of immunity applicable to this case, thereby conferring jurisdiction on this Court. In this regard 12 U.S.C.A. § 1702 provides that the Secretary of Housing and Urban Development is "authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." This provision, however, does not constitute a consent by the United States as such that it may be sued and, therefore, cannot confer jurisdiction in this case. Waylyn Corp. v. United States, 231 F.2d 544, 546 (1st Cir.1956).

Title 28 U.S.C.A. § 1346(a) (2), otherwise known as the Tucker Act, provides that:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\*     \*     \*     \*     \*     \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded \* \* \* upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

There is no doubt that the Tucker Act constitutes a consent by the United States to be sued directly under the limitations provided therein. There is a division of authority, however, as to the use of the Tucker Act as a basis for jurisdiction of a counterclaim against the United States.

One view, which is followed by a substantial number of decisions, holds that under the Tucker Act no affirmative recovery may be had by means of a counterclaim against the United States, and that the only relief against the United States by means of a counterclaim is in the nature of recoupment or set-off. United States v. Nipissing Mines Co., 206 F. 431 (2d Cir.1913); United States v. Ameco Electronic Corp., 224 F.Supp. 783 (E.D.N.Y.1963); United States v. Carey Terminal Corp., 209 F.Supp. 385 (E.D.N.Y.1962); United States v. Anasae International Corp., 197 F.Supp. 926, 929 (S.D.N.Y.1961); United States v. Boris, 122 F.Supp. 936 (E.D.Pa.1954); United States v. Wessel, Duval & Co., 115 F.Supp. 678, 686 (S.D.N.Y.1953); United States v. Double Bend Mfg. Co., 114 F.Supp. 750 (S.D.N.Y.1953); United States v. Jos. Behr & Sons, Inc., 110 F.Supp. 286, 287 (N.D.Ill.1953); United States v. Wissahickon Tool Works, 84 F.Supp. 896 (S.D.N.Y.1949), aff'd, 200 F.2d 936 (2d Cir.1952). This doctrine was originally expressed in United States v. Nipissing Mines Co., supra, 206 F. at 434, when the court stated:

"The affirmative judgment against the United States upon the counterclaim cannot, however, be permitted to stand. \* \* \* in our opinion, the Tucker Act of 1887 which gives the District Courts jurisdiction over certain suits against the United States, is not broad enough to permit the recovery of demands upon counterclaims. We think that that statute refers to original suits and prescribes procedure inconsistent with its use as the basis of a counterclaim."

This rule has been consistently followed within the Second Circuit, although at least one district court recognized that it is "wholly unrealistic to compel the defendant \* \* \* to institute a separate and distinct suit for the amount of the counterclaim." United States v. Ameco Electronic Corp., supra 224 F.Supp. at 785. See also 3 Moore's Federal Practice § 13.29, p. 80.

The other view, which is likewise adhered to by a number of courts, is that Congress by the Tucker Act has waived

sovereign immunity to the extent of an affirmative recovery up to $10,000, and that for this purpose there is no distinction between counterclaim and an original suit. United States v. Springfield, 276 F.2d 798 (5th Cir.1960); Thompson v. United States, 250 F.2d 43 (4th Cir. 1957); United States v. Silverton, 200 F.2d 824 (1st Cir.1952); United States v. Summ, 282 F.Supp. 628 (D.N.J.1968); United States v. Southern Pacific Co., 210 F.Supp. 760 (N.D.Cal.1962); United States v. Buffalo Coal Mining Co., 170 F.Supp. 727 (D.Alaska 1959). The reasoning of this view was enunciated in United States v. Silverton, supra, 200 F. 2d at 827, as follows:

"It is conceded by the government that the defendant in this case could have brought an original action in the court below against the United States for breach of contract, under the Tucker Act. If he had done so, of course the court below, under Rule 42, F.R.C.P., 28 U.S.C. could have consolidated such action with the pending action brought by the United States. It would be the emptiest technicality to hold that the same jurisdiction could not be invoked by way of counterclaim in the action already brought by the United States."

In further support of this view it is pointed out that it avoids multiple litigation and represents the more recent trend of judicial opinion. United States v. Summ, supra, 282 F.Supp. at 631.

■■ The Court has been unable to find any decision of the Eighth Circuit which deals directly with this question. The only discussion by the Eighth Circuit of a counterclaim under the Tucker Act is found in North Dakota-Montana W. G. Ass'n v. United States, 66 F.2d 573 (8th Cir.1933). The counterclaim there was dismissed because it exceeded the $10,000 limitation of the Tucker Act. Implicit in the language of that decision, however, is the acceptance of the view that a counterclaim within the $10,000 limitation of the Tucker Act would be allowed. For this reason, and on the ground that it provides a more practical method of disposing of claims by private parties against the United States, this Court will adhere to the view that under the Tucker Act a defendant may assert a counterclaim for affirmative relief against the United States up to the permissible limit of $10,000. The counterclaim of defendants herein clearly comes within that limitation and will be allowed to stand. The motion of plaintiff to dismiss said counterclaim, therefore, will be denied.

It is ordered that the motion of plaintiff United States of America to dismiss the counterclaim of defendants will be and is hereby denied.